**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
COLONIAL BANK,

           Plaintiff,

    v.

CHASE MORTGAGE FINANCE CORP.;
JPMORGAN CHASE & CO.; J.P.
MORGAN SECURITIES LLC; CITICORP
MORTGAGE SECURITIES, INC.;
CITIMORTGAGE, INC.; CITIGROUP
GLOBAL MARKETS INC.; FIRST
HORIZON ASSET SECURITIES INC.;
FIRST HORIZON HOME LOAN
CORPORATION; ALLY SECURITIES
LLC; CREDIT SUISSE SECURITIES
(USA) LLC; DEUTSCHE BANK
SECURITIES INC.; FTN FINANCIAL
SECURITIES CORP.; HSBC SECURITIES
(USA) INC.; MERRILL LYNCH, PIERCE,
FENNER & SMITH INC.; RBS
SECURITIES INC.; UBS SECURITIES
LLC; and WELLS FARGO ASSET
SECURITIES CORPORATION,

           Defendants.

No. 12 Civ. 6166 (LLS) (MHD)

---

**PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION**
**TO DISMISS THE AMENDED COMPLAINT**

The Federal Deposit Insurance Corporation as Receiver for Colonial Bank (FDIC) submits this surreply to address the assertions made in an affidavit that defendants presented for the first time with their reply brief in support of their motion to dismiss the amended complaint. The affidavit, which was submitted by a third party in an unrelated case in support of a motion to exclude expert testimony, purports to address the purposes for which CoreLogic's automated valuation models (AVMs) may properly be used. Defendants offer the substance of the affidavit as proof that a retrospective AVM cannot demonstrate the objective or subjective falsity of an appraisal and, thus, that the FDIC has not stated a plausible claim for relief.

The Court should disregard this affidavit in its entirety. First, the affidavit is material outside the pleadings that the Court may not consider in deciding a motion to dismiss under Rule 12(b)(6). The Court may not take judicial notice of the affidavit for the purpose that defendants offer it, *i.e.*, to establish the truth of the statements made by the affiant. Second, the assertions made in the affidavit – even if the Court could consider them – have no bearing on whether the allegations in the amended complaint support a plausible inference that the defendants' statements about appraisals and loan-to-value ratios (LTVs) were untrue or misleading. At most, the affidavit creates a factual issue about whether the results of an AVM are sufficiently precise or reliable *to prove*, without any other evidence, that an appraisal was inflated or an LTV ratio was overstated. Because that is not the issue before this Court, the affidavit is irrelevant.

## BACKGROUND

In its amended complaint, the FDIC alleges that the defendants made untrue or misleading statements in the prospectus supplements for residential mortgage-backed securities (RMBS) that Colonial Bank purchased, including statements about the LTVs of the mortgage loans that backed those securities and the procedures followed to appraise the value of the

borrowers' homes. (Am. Compl. ¶¶ 1, 47-75.) The FDIC's allegations include the results of an

AVM analysis performed by CoreLogic, a leading vendor of AVM technology. (*Id*. ¶¶ 50-57.)

The FDIC does not have access to the loan files or to the original appraisals that were conducted

on these properties at the time the loans were made. It used the AVM, as other RMBS investors

have done, to support its allegations that the statements in the prospectus supplements about

LTVs and appraisal procedures were untrue or misleading.

Defendants moved to dismiss the amended complaint on January 17, 2013. Their

memorandum of law made several arguments as to why the results of an AVM do not support

the FDIC's allegations, and the FDIC addressed those arguments in the opposition brief that it

filed on March 18. Along with their reply brief filed on April 17, however, defendants submitted

the affidavit of an employee of CoreLogic, Jacqueline Doty. The Doty Affidavit, dated May 8,

2012, was filed in an unrelated case to which neither the FDIC nor any of the defendants here is

a party, *People of the State of New York v. First American Corp*., No. 406796/07 (N.Y. Sup. Ct.

filed Nov. 1, 2007), and was offered in support of a motion to exclude the testimony of the

plaintiff's expert in that case, whose report relied in part on values obtained from an AVM. *See*

Frankel Decl. Ex. 60.

## ARGUMENT

### I.   THE COURT MAY NOT CONSIDER THE DOTY AFFIDAVIT IN RULING ON DEFENDANTS' MOTION TO DISMISS.

The Doty Affidavit is material outside the pleadings that may not be considered by the

Court in deciding defendants' motion to dismiss. On a motion under Rule 12(b)(6), a court may

consider only those matters contained in the complaint, documents attached thereto or

incorporated by reference, and matters of which the Court may take judicial notice. *Allen v.*

*Westpoint-Pepperell, Inc*., 945 F.2d 40, 44 (2d Cir. 1991). Judicial notice may be taken only of a

fact that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Doty Affidavit does not fall into any of these categories. It is not mentioned or incorporated by reference in the amended complaint. Nor is the affidavit the proper subject of judicial notice. The "facts" asserted in the affidavit are not "generally known" nor can they be "accurately and readily determined from sources" of unquestioned accuracy. To the contrary, they represent the views of one employee of CoreLogic about the appropriate uses of its product. Determining the accuracy of these statements would require the weighing of evidence and determinations of credibility. For these reasons, courts routinely refuse to consider affidavits containing factual assertions on a motion to dismiss. *See, e.g., Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) ("There is no basis for the Court to consider the affidavits [offered by defendants] . . ., which are attached solely for the purpose of refuting the facts alleged in the complaint and would require credibility assessments and weighing of the evidence, which is not appropriate on a motion to dismiss."); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 373 (S.D.N.Y. 1997) ("Reliance upon affidavits is improper in considering a Rule 12(b)(6) motion. . . . [T]his Court again finds it inappropriate to take judicial notice of a fact stated only in an affidavit."); *Whitley v. Westchester Cnty. Corr. Facility Admin.*, No. 97 Civ. 0420 (SS), 1997 WL 659100, at *2 (S.D.N.Y. Oct. 22, 1997) ("affidavits cannot be considered in a Rule 12(b)(6) motion").

That the affidavit was filed in a state court proceeding does not make the facts it asserts subject to judicial notice, as defendants contend. (*See* Defs. Reply Br. at 2 n.2). Although a court may take judicial notice of a document filed in another court, it may do so only to establish the

fact that the document exists or that the statements contained therein were made, not for the truth of the matters asserted. *Global Network Commc'ns, Inc. v. City of N.Y.,* 458 F.3d 150, 157 (2d Cir. 2006) ("'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)); *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 457 n.6 (S.D.N.Y. 2008) ("We take judicial notice of the State court decisions to establish the fact of the litigation but we do not consider the Slingerland Affidavit and the documents attached for the truth of the matters asserted and therefore we do not consider them on a motion to dismiss."). Defendants have offered the Doty Affidavit for the sole purpose of attempting to establish the truth of the statements made therein and thereby refute the allegations of the amended complaint. As a result, the Court must disregard it. *Global Commc'ns*, 458 F.3d at 157.

## II.    THE AFFIDAVIT HAS NO BEARING ON THE SUFFICIENCY OF THE FDIC'S ALLEGATIONS.

Even if the Court could consider the Doty Affidavit, it has no bearing on the sufficiency of the FDIC's allegations about appraisals and LTV ratios. To withstand defendants' motion to dismiss, the amended complaint need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "On a motion to dismiss, the issue is 'whether the claimant is entitled to offer evidence to support the claims,'" not whether its allegations are alone sufficient to prove them. *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Nothing in the Doty Affidavit shows that the results of an AVM cannot raise a plausible inference that defendants' statements about appraisals and LTV ratios were untrue or misleading. Rather, the affidavit addresses whether an expert or other professional should determine the

4

value of a property by relying solely on an AVM. *See* Doty Aff. ¶ 3 ("Professionals in the real estate field should not, and I believe do not, rely solely on CoreLogic (or other) AVMs to make reliable determinations of the reasonableness of value opinions offered by licensed or certified appraisers. . . . Our AVMs are not used to determine whether an appraiser actually inflated or deflated an opinion of value."). The FDIC is not asking the Court to determine the reasonableness or validity of the original appraisals based solely on the results of the AVM. The only issue before the Court is whether the FDIC's allegations, as derived from the results of the AVM, constitute plausible grounds to infer that the appraisals were inflated and the LTV ratios overstated and, thus, that the defendants' statements were untrue or misleading.

In any event, another judge in this District recently upheld the use of an AVM to support expert testimony *at trial* that the values of properties backing RMBS were overstated. *See Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*, No. 11 Civ. 2375 (JSR), 2013 WL 440114, at *29-30 (S.D.N.Y. Feb. 15, 2013) (rejecting challenge to expert's use of AVM as "inherently unreliable," finding AVM "sufficiently reliable so as to appropriately underlie [expert's] analysis of the loan samples"). Judge Rakoff noted – as the FDIC has alleged here – that AVMs "are commonly relied upon in the field of underwriting" and that the defendant itself regularly used an AVM to validate appraisals. *Id.* at *30; *cf.* Am. Compl. ¶ 50. If an AVM is sufficiently reliable to support an expert's testimony at trial, it certainly is sufficient to support allegations in a complaint.

## CONCLUSION

For the foregoing reasons, the Court should refuse to consider the Doty Affidavit in ruling on defendants' motion to dismiss the amended complaint.

5

Dated: May 2, 2013

Respectfully submitted,

**GRAIS & ELLSWORTH LLP**

By: /s/ Mark B. Holton

David J. Grais (DG 7118)
Mark B. Holton (MH 4939)
Kathryn E. Matthews (KN 0932)
1211 Avenue of the Americas
New York, New York 10036
Phone: (212) 755-0100

*Attorneys for Federal Deposit Insurance*
*Corporation as Receiver for Colonial Bank*