UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>CHASE MORTGAGE FINANCE CORP.; JPMORGAN CHASE & CO.; J.P. MORGAN SECURITIES LLC; CITICORP MORTGAGE SECURITIES, INC.; CITIMORTGAGE, INC.; CITIGROUP GLOBAL MARKETS INC.; FIRST HORIZON ASSET SECURITIES INC.; FIRST HORIZON HOME LOAN CORPORATION; ALLY SECURITIES LLC; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCHE BANK SECURITIES INC.; FTN FINANCIAL SECURITIES CORP.; HSBC SECURITIES (USA) INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; RBS SECURITIES INC.; UBS SECURITIES LLC; and WELLS FARGO ASSET SECURITIES CORPORATION;<br><br>Defendants. | No. 12 Civ. 6166 (LLS) (MHD) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, the Federal Deposit Insurance Corporation as Receiver for Colonial Bank (FDIC), respectfully submits this notice of supplemental authority that further supports denial of defendants' pending motion for judgment on the pleadings:

In *Federal Housing Finance Agency v. HSBC North America Holdings, Inc.* (S.D.N.Y. Aug. 28, 2014) (Ex. A. slip op.) (*HSBC*), the Honorable Denise Cote of this

1

District held that the Supreme Court's decision in *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014), "did not disturb" (slip op. at 7) the previous decision by the United States Court of Appeals for the Second Circuit in *Federal Housing Finance Agency v. UBS Americas, Inc.*, 713 F.3d 136 (2d Cir. 2013) (*FHFA/UBS*), which held that the so-called "Housing and Economic Recovery Act (HERA) Extender Statute," which defendants have conceded is indistinguishable from the "FDIC Extender Statute" at issue here (Def.'s Or. Br. at 4-5; Dkt. No. 134), applies to both statutes of limitation and statutes of repose. Slip op. at 6-7. This is the first decision of a court in the Second Circuit to have addressed this issue since *CTS* was decided.

In *HSBC*, defendants moved for summary judgment, arguing that the court should not follow *FHFA/UBS* in light of the decision in *CTS*. Slip op. at 6-7. Judge Cote denied the defendants' motion, concluding that *CTS* "does not undermine" the Second Circuit's decision in *FHFA/UBS*, slip op. at 8-9, including its interpretation of the text, legislative history and purpose of the HERA Extender Statute. Slip op. at 9-10. Judge Cote also denied the defendants' motion to certify this issue for interlocutory appeal to the Second Circuit, concluding that because *FHFA/UBS* remains valid, there is no ground for substantial disagreement in this circuit regarding the reach of the HERA Extender Statute. Slip op. at 17-19.

Judge Cote's decision in *HSBC* strongly supports the FDIC's argument that *FHFA/UBS* remains binding on this Court after the decision in *CTS*, and the defendants'

motion should be denied.

Dated: August 29, 2014

>Respectfully submitted,
>
>**GRAIS & ELLSWORTH LLP**
>
>By: /s/ Mark B. Holton
>
>David J. Grais (DG 7118)
>Mark B. Holton (MH 4939)
>Kathryn E. Matthews (KN 0932)
>1211 Avenue of the Americas
>New York, New York 10036
>Phone: (212) 755-0100
>
>*Attorneys for Federal Deposit Insurance Corporation as Receiver for Colonial Bank*