ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - -

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR COLONIAL BANK,

                         Plaintiff,

             - against -

CHASE MORTGAGE FINANCE CORP., et al,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/14

12 Civ. 6166 (LLS)

OPINION AND ORDER

        This action is brought by the Federal Deposit Insurance

Corporation (the "FDIC"), as receiver for Colonial Bank

("Colonial"), for violations of the Securities Act of 1933, 15

U.S.C. § 77a *et seq.* (the "1933 Act"), based on alleged

misstatements made in connection with Colonial's purchase of

securities issued or underwritten by defendants.

        Under the 1933 Act, "In no event shall any such action be

brought to enforce a liability created under section 77k or

77l(a)(1) of this title more than three years after the security

was bona fide offered to the public, or under section 77l(a)(2) of

this title more than three years after the sale[,]" 15 U.S.C. §

77m.

        The securities at issue in this action were offered to the

public in 2006 and 2007, and purchased by Colonial in the summer

and fall of 2007. Colonial subsequently failed, and the FDIC was

1

appointed receiver on August 14, 2009.  The FDIC filed the instant complaint on August 10, 2012.

The FDIC maintains that its claims are timely under the following provision of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821 *et seq.*:

(14) Statute of limitations for actions brought by conservator or receiver

>  (A)  In general
>
>> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—
>>
>>> (i) in the case of any contract claim, the longer of—
>>>
>>>> (I) the 6-year period beginning on the date the claim accrues; or
>>>>
>>>> (II) the period applicable under State law; and
>>>
>>> (ii) in the case of any tort claim (other than a claim which is subject to section 1441a(b)(14) of this title), the longer of—
>>>
>>>> (I) the 3-year period beginning on the date the claim accrues; or
>>>>
>>>> (II) the period applicable under State law.
>
>  (B)  Determination of the date on which a claim accrues
>
>> For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of—

2

> > (i)  the date of the appointment of the
> >       Corporation   as   conservator   or
> >       receiver; or
> > (ii) the date on which the cause of action
> >       accrues.

12  U.S.C.  §  1821(d)(14)(hereinafter  referred  to  as  the  "FDIC
Extender Statute").

Defendants  contend  that  the  FDIC  Extender  Statute  only
extends the 1933 Act's statute of limitations (otherwise one year,
see  p.  11  below),  and  does  not  alter  its  three  year  statute  of
repose (quoted on p. 1 above).  They moved to dismiss the amended
complaint, arguing (among other things) that the FDIC's claims are
time-barred.

While  that  motion  was  pending,  the  Second  Circuit  decided
Federal Housing Finance Agency v. UBS Americas, Inc., 712 F.3d 136
(2d Cir. 2013),  which  seemed  to  resolve  the  statute  of  repose
dispute in the FDIC's favor in a case involving a similar extender
act.[1]   Defendants  withdrew  their  argument  about  the  1933  Act's
statute of repose,  reserving the right to reassert it at a later
date,  see  Ds.'  Reply  in  Further  Support  of  Ds.'  Mot.  To  Dismiss
Am. Compl. at 4 n.4.  This Court subsequently denied defendants'
motion to dismiss, on grounds which did not consider the 1933 Act's
statute of repose, see Fed. Deposit Ins. Corp. v. Chase Mortgage

---

[1] UBS held that a similar provision in the Housing and Economic Recovery Act of
2008 ("HERA"), 12 U.S.C. § 4617(b)(12), alters both statutes of limitations and
statutes of repose.

3

Fin. Corp. et al, No. 12 Civ. 6166 (LLS), 2013 WL 5434633 (S.D.N.Y. Sept. 27, 2013)[Dkt. No. 86].

Now, relying on the recent United States Supreme Court decision CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014), defendants renew their argument that the FDIC's claims are barred by the 1933 Act's statute of repose, and move for judgment on the pleadings.

For the reasons discussed below, defendants' motion is granted.

### Waldburger

In Waldburger, the Supreme Court was presented with the question whether section 9658 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), [2] 42

---

[2] Section 9658 provides:
. . .

(b)   Definitions

    As used in this section—

    (1) Subchapter I terms
    The terms used in this section shall have the same meaning as when used in subchapter I of this chapter.

    (2) Applicable limitations period
    The term "applicable limitations period" means the period specified in a statute of limitations during which a civil action referred to in subsection (a)(1) of this section may be brought.

    (3) Commencement date
    The term "commencement date" means the date specified in a statute of limitations as the beginning of the applicable limitations period.

    (4) Federally required commencement date

        (A) In general
        Except as provided in subparagraph (B), the term "federally required commencement date" means the date the plaintiff knew (or reasonably

4

U.S.C. § 9601 *et seq.*, which pre-empts state law statutes of limitations in certain tort actions, also pre-empts the state law statute of repose that would otherwise bar the plaintiffs' claims.

The Supreme Court stated:

> Statutes of limitations and statutes of repose both are mechanisms used to limit the temporal extent or duration of liability for tortious acts. Both types of statutes can operate to bar a plaintiff's suit, and in each instance time is the controlling factor. There is considerable common ground in the policies underlying the two types of statute. But the time periods specified are measured from different points, and the statutes seek to attain different purposes and objectives. And, as will be explained, § 9658 mandates a distinction between the two.
>
> In the ordinary course, a statute of limitations creates a time limit for suing in a civil case, based on the date when the claim accrued. Measured by this standard, a claim accrues in a personal-injury or property-damage action when the injury occurred or was discovered. For example, North Carolina, whose laws are central to this case, has a statute of limitations that allows a person

---

should have known) that the personal injury or property damages referred to in subsection (a)(1) of this section were caused or contributed to by the hazardous substance or pollutant or contaminant concerned.

(B) Special rules
In the case of a minor or incompetent plaintiff, the term "federally required commencement date" means the later of the date referred to in subparagraph (A) or the following:

(i) In the case of a minor, the date on which the minor reaches the age of majority, as determined by State law, or has a legal representative appointed.

(ii) In the case of an incompetent individual, the date on which such individual becomes competent or has had a legal representative appointed.

42 U.S.C. § 9658.

three years to bring suit for personal injury
or property damage, beginning on the date that
damage becomes apparent or ought reasonably to
have become apparent to the claimant,
whichever event first occurs.

A statute of repose, on the other hand, puts
an outer limit on the right to bring a civil
action.   That limit is measured not from the
date on which the claim accrues but instead
from the date of the last culpable act or
omission of the defendant.   A statute of
repose bars any suit that is brought after a
specified time since the defendant acted (such
as designing or manufacturing a product), even
if this period ends before the plaintiff has
suffered a resulting injury.   The statute of
repose limit is not related to the accrual of
any cause of action; the injury need not have
occurred, much less have been discovered. ...

Although there is substantial overlap between
the policies of the two types of statute, each
has a distinct purpose and each is targeted at
a different actor.   Statutes of limitations
require plaintiffs to pursue diligent
prosecutions of known claims.   Statutes of
limitations promote justice by preventing
surprises through plaintiffs' revival of
claims that have been allowed to slumber until
evidence has been lost, memories have faded,
and witnesses have disappeared.   Statutes of
repose also encourage plaintiffs to bring
actions in a timely manner, and for many of
the same reasons.   But the rationale has a
different emphasis.   Statutes of repose effect
a legislative judgment that a defendant should
be free from liability after the legislatively
determined period of time.   Like a discharge
in bankruptcy, a statute of repose can be said
to provide a fresh start or freedom from
liability.   Indeed, the Double Jeopardy Clause
has been described as a "statute of repose"
because it in part embodies the idea that at
some point a defendant should be able to put
past events behind him.

Waldburger, 134 S.Ct. at 2182-83.

The Supreme Court concluded that section 9658 does not pre-empt statutes of repose, reasoning that:

> The statute defines the "applicable limitations period," the "commencement date" of which is subject to pre-emption, as a period specified in "a statute of limitations." Indeed, § 9658 uses the term "statute of limitations" four times (not including the caption), but not the term "statute of repose." This is instructive, but not dispositive. While the term "statute of limitations" has acquired a precise meaning, distinct from "statute of repose," and while that is its primary meaning, it must be acknowledged that the term "statute of limitations" is sometimes used in a less formal way. In that sense, it can refer to any provision restricting the time in which a plaintiff must bring suit. Congress has used the term "statute of limitations" when enacting statutes of repose.

Waldburger, 134 S.Ct. at 2185.  And, in language which applies equally to this case:

> While the use of the term "statute of limitations" in § 9658 is not dispositive, the Court's textual inquiry does not end there, for other features of the statutory text further support the exclusion of statutes of repose. The text of § 9658 includes language describing the covered period in the singular. The statute uses the terms "the applicable limitations period," "such period shall commence," and "the statute of limitations established under State law." This would be an awkward way to mandate the pre-emption of two different time periods with two different purposes.

*   *   *   *

A statute of repose, however, as noted above, is not related to the accrual of any cause of action.  Rather, it mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued. Thus, a statute of repose can prohibit a cause of action from coming into existence.   A statute of repose can be said to define the scope of the cause of action, and therefore the liability of the defendant.  . . .

In light of the distinct purpose for statutes of repose, the definition of "applicable limitations period" (and thus also the definition of "commencement date") in § 9658(b)(2) is best read to encompass only statutes of limitations, which generally begin to run after a cause of action accrues and so always limit the time in which a civil action "may be brought."   A statute of repose, however, may preclude an alleged tortfeasor's liability before a plaintiff is entitled to sue, before an actionable harm ever occurs.

Waldburger, 134 S.Ct. at 2186-87, quoting 42 U.S.C. § 9658 (internal quotations and citations omitted).

## Discussion

### Statutory Text

Like section 9658 of CERCLA, the FDIC Extender Statute uses the term "statute of limitations" multiple times, and never uses the term "statute of repose."   "This is instructive, but not dispositive," Waldburger, 134 S. Ct. at 2185.   The Court must examine other features of the statutory text to determine whether Congress intended to include statutes of repose in the FDIC Extender Statute's ambit.

8

Like CERCLA, the FDIC Extender Statute describes the covered time period in the singular by setting forth the applicable statute of limitations and the date on which the statute of limitations begins to run, and looking to "the period applicable under State law" and "the date on which the cause of action accrues."  "This would be an awkward way to mandate the pre-emption of two different time periods with two different purposes."  Waldburger, 134 S. Ct. at 2187.

Furthermore, the FDIC Extender Statute addresses (and changes) the dates of accrual of claims.  It states that "the applicable statute of limitations . . . shall be" the longer of the "period beginning on the date the claim accrues" or "the period applicable under State law."  Subsection B, "Determination of the date on which a claim accrues," defines and changes the date on which a claim accrues.

In contrast, the 1933 Act's statute of repose has nothing to do with when a claim accrues.  It looks to only one thing: the date the security was offered and sold to the public.  After three years from then, no action thereon can be brought.  The concept of accrual, which is central to the Extender Statute, is wholly absent from the 1933 Act's statute of repose.

"A statute of repose . . . is not related to the accrual of any cause of action.  Rather, it mandates that there shall be no cause of action beyond a certain point, even if no cause of action

9

has yet accrued." Waldburger, 134 S. Ct. at 2187. Like section 9658 of CERCLA, the FDIC Extender Statute's focus on claim accrual "is best read to encompass only statutes of limitations," Waldburger, 134 S. Ct. at 2187.

The 1933 Act's grant of repose after three years is similarly impervious to equitable tolling, a concept often applied to statutes of limitations. See Waldburger 134 S.Ct. at 2183. The Supreme Court found it notable that section 9658 provides for equitable tolling, whereas "a repose period is fixed and its expiration will not be delayed by estoppel or tolling," Waldburger 134 S.Ct. at 2187.

In sum, when faced with a statute which presented both a statute of limitations and a statute of repose, Congress chose language which focused on and changed the statute of limitations, and left the statute of repose untouched. That gives no support to the FDIC's argument that it intended to replace both.

### Legislative History and Purpose

The FDIC argues that the legislative purpose of FIRREA was to "significantly increase the amount of money that can be recovered by the Federal Government through litigation," FDIC's Opp. 11, quoting 135 Cong. Rec. S10182-01, and "maximize potential recoveries by the Federal Government by preserving to the greatest extent permissible by law claims that otherwise would have been

10

lost due to the expiration of hitherto applicable limitations periods," id., and that "Defendants' interpretation of the statute, which would interfere with the FDIC's ability to carry out its mandate, is in direct conflict with this purpose," FDIC's Surreply 8.

By postponing otherwise applicable times of accrual of claims in state statutes of limitations, the FDIC Extender Statute did give the FDIC more time to bring claims that would otherwise have been lost, thus increasing the FDIC's ability to collect money through litigation.

The statute of limitations in the 1933 Act is one year, see 15 U.S.C. §77m ("No action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(a)(1) of this title, unless brought within one year after the violation upon which it is based.").  The FDIC Extender Statute increases the statute of limitations for any 1933 Act claims brought by the FDIC as receiver to three years, see 12 U.S.C. § 1821(d)(14)(A)(ii)(I), thereby "significantly increase[ing] the amount of money that can be recovered by the Federal Government through litigation."

11

## **Conclusion**

The FDIC Extender Statute does not alter applicable statutes of repose.  Accordingly, the FDIC's claims are time-barred.

Defendants' motion for judgment on the pleadings [Dkt No. 133] is granted.

The clerk will enter judgment for defendants, with costs and disbursements according to law.


So ordered.


Dated:  New York, New York
        August 29, 2014

                                    Louis L. Stanton
                                    _____
                                    Louis L. Stanton
                                    U.S.D.J.

12