**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for COLONIAL
BANK,

                Plaintiff,

      v.

CHASE MORTGAGE FINANCE CORP. et al.,

                Defendants.

No. 12 Civ. 6166 (LLS)

---

**WELLS FARGO ASSET SECURITIES CORPORATION'S**
**ANSWER TO SECOND AMENDED COMPLAINT**

MUNGER, TOLLES & OLSON LLP
James C. Rutten (*pro hac vice*)
Kenneth M. Trujillo-Jamison (*pro hac vice*)
350 South Grand Avenue, 50th Floor
Los Angeles, California  90071-3426
(213) 683-9100; (213) 687-3702 (fax)
james.rutten@mto.com
kenneth.trujillo-jamison@mto.com

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
Andrew W. Goldwater
7 Times Square
New York, New York  10036-6516
(212) 833-1106; (212) 373-7906 (fax)
agoldwater@fklaw.com

*Attorneys for Defendant Wells Fargo Asset Securities Corporation*

Defendant Wells Fargo Asset Securities Corporation ("Wells Fargo") hereby answers Plaintiff's Second Amended Complaint ("SAC").

Wells Fargo's responses to the allegations of the SAC are based on its knowledge and investigation as to its own conduct, and on information and belief as to all other matters, including as to allegations concerning the conduct of persons and entities other than Wells Fargo. In responding to all of the allegations below, Wells Fargo (i) denies all of the SAC's allegations unless expressly admitted herein, including any and all allegations that Plaintiff and/or Colonial Bank has suffered any harm or is entitled to any relief whatsoever; (ii) denies any averments in the headings, subheadings, prayer for relief, and exhibits and Schedules of the SAC; (iii) incorporates into each response a denial that the Registration Statements, Prospectuses, or Prospectus Supplements for Securitizations 10 and 11 (together with other written materials relating to those securitizations, the "Offering Materials") were false or misleading, and a denial of all allegations (including those outside the knowledge and information of Wells Fargo) to the extent such allegations assert or suggest that the Offering Materials were false or misleading in any respect, or to the extent that they assert any factual allegations that are inconsistent with or contrary to the Offering Materials, to which reference is made for a complete and accurate statement of their contents; and (iv) in all events intends to respond only to allegations directed to Wells Fargo, such that none of the responses should be deemed to be responding to allegations that are directed solely to other Defendants, or to be responding to allegations concerning Wells Fargo and other Defendants to the extent such allegations concern other Defendants.

Wells Fargo answers the allegations in the like-numbered paragraphs of the SAC as follows:

1

The unnumbered paragraph on page 1 and footnote 1 of the SAC are characterizations of the SAC to which no response is required.  To the extent a response is deemed required, denied.

1.      Wells Fargo states that the first sentence of paragraph 1 of the SAC consists of characterizations of the SAC to which no response is required, but to the extent a response is deemed required, Wells Fargo admits that the SAC attempts or attempted to allege claims purportedly arising under the Alabama Securities Act ("ASA"), the Nevada Uniform Securities Act ("NUSA"), and the Securities Act of 1933 (the "1933 Act").  Wells Fargo notes, however, that in its March 2, 2018 order, the Court dismissed with prejudice the claims asserted against Wells Fargo under the ASA and NUSA, as well as the claim under § 12 of the 1933 Act.  Wells Fargo further states that to the extent paragraph 1 states allegations concerning Defendants other than Wells Fargo, Wells Fargo is not obligated to respond to them.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in sentences 3 and 4 of paragraph 1, and on that basis denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 1.

2.      Wells Fargo states that to the extent paragraph 2 of the SAC states allegations concerning Defendants other than Wells Fargo, Wells Fargo is not obligated to respond to them.  Wells Fargo further states that the Offering Materials referenced in paragraph 2 describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in sentences 3 and 4 of paragraph 2, and on that basis denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 2.

3.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the SAC, and on that basis denies them.

4.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the SAC, and on that basis denies them.

5.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the SAC, and on that basis denies them.

6.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the SAC, and on that basis denies them.

7.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the SAC, and on that basis denies them.

8.      In response to the first sentence of paragraph 8, Wells Fargo respectfully refers the Court to the Offering Materials for their contents, and denies any characterization inconsistent with the terms of those documents.   Wells Fargo denies the remaining allegations of paragraph 8.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 8.

9.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the SAC, and on that basis denies them.

10.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and footnotes 3 and 4 of the SAC regarding Plaintiff's alleged investigation, the information in Plaintiff's possession, or the methodologies and statistical matters described, and on that basis denies such allegations.  Wells Fargo further denies that it made any untrue or misleading statements, or omitted to state any material facts necessary to make its statements not misleading.  Wells Fargo further states that no response to

3

the allegations concerning Securitizations 1 through 9 is required from Wells Fargo, because Wells Fargo is not named as a defendant in connection with those securitizations.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 10 and footnotes 3 and 4.

11.     Answering the first sentence of paragraph 11, Wells Fargo states that it consists of legal conclusions (including as to claims the Court has dismissed with prejudice), such that no response is required.  Wells Fargo further states that no response to the allegations concerning Defendants other than Wells Fargo is required from Wells Fargo.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 11.

12.     Wells Fargo states that the allegations of paragraph 12 are conclusions of law to which no response is required, but to the extent a response is deemed required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

13.     Wells Fargo states that the allegations of paragraph 13 of the SAC concern a Defendant other than Wells Fargo, and therefore no response from Wells Fargo is required.

14.     Wells Fargo states that the allegations of paragraph 14 of the SAC concern a Defendant other than Wells Fargo, and therefore no response from Wells Fargo is required.

15.     Wells Fargo states that the allegations of paragraph 15 of the SAC concern a Defendant other than Wells Fargo, and therefore no response from Wells Fargo is required.

16.     Wells Fargo states that the allegations of paragraph 16 of the SAC concern a Defendant other than Wells Fargo, and therefore no response from Wells Fargo is required.

17.     Wells Fargo states that the allegations of paragraph 17 of the SAC concern a Defendant other than Wells Fargo, and therefore no response from Wells Fargo is required.

4

18.     Wells Fargo states that the allegations of paragraph 18 of the SAC concern a Defendant other than Wells Fargo, and therefore no response from Wells Fargo is required.

19.     Wells Fargo states that the allegations of paragraph 19 of the SAC concern a Defendant other than Wells Fargo, and therefore no response from Wells Fargo is required.

20.     Wells Fargo states that the allegations of paragraph 20 of the SAC concern a Defendant other than Wells Fargo, and therefore no response from Wells Fargo is required.

21.     Admitted.

22.     Wells Fargo states that the allegations of paragraph 22 of the SAC contain legal conclusions and characterizations of the SAC to which no response is required.

23.     Wells Fargo states that the allegations of paragraph 23 of the SAC contain legal conclusions, and allegations as to Defendants other than Wells Fargo, to which no response is required.  To the extent a response is deemed required to the allegations of paragraph 23 insofar as they concern Wells Fargo, denied.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 23

24.     Wells Fargo states that the Offering Materials describe the Certificates that Colonial Bank allegedly purchased and the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 24.

25.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 25.

38119038.2

26.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 26.

27.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 27.

28.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 28.

29.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 29.

30.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the seventh sentence of paragraph 30 of the SAC, and on that basis denies them.  Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 30.

31.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 31.

32.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the allegations of the third sentence of paragraph 32 are conclusions of law to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 32.

33.     Wells Fargo states that no response to the allegations of paragraph 33 of the SAC is required from Wells Fargo because the allegations concern only other Defendants.  To the extent a response is deemed required, Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 33.

34.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 34.

35.     Wells Fargo states that the Offering Materials describe the securitization process, respectfully refers the Court to those documents for their contents, and denies any

7

characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 35.

36.     Denied.

37.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 37 of the SAC, and on that basis denies them.  Wells Fargo further states that the allegations of the remaining sentences are characterizations of the SAC to which no response is required.  Wells Fargo further states that the Offering Materials referenced in paragraph 37 of the SAC (Including Item 37 of the Schedules) describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 37.

38.     Wells Fargo respectfully refers the Court to the Securities and Exchange Commission's website referenced in the first sentence of paragraph 38 of the SAC for its contents.  Wells Fargo further states that the second and third sentences of paragraph 38 are characterizations of the SAC to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 38.

39.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the SAC, and on that basis denies them.

40.     Denied.

41.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 41.

42.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 42.

43.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 43.

44.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 44.

45.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 45.

46.     Wells Fargo states that the Offering Materials referenced in paragraph 46 of the SAC (including Item 46 of the Schedules) describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the second and third sentences of paragraph 46 are characterizations of the SAC to which no response is required, but to the extent a response is deemed required, denied.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 46.

47.     Wells Fargo denies the allegations of the first two sentences of paragraph 47 of the SAC.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the last two sentences of paragraph 47, and on that basis denies them.  Wells Fargo further states that the Offering Materials referenced in paragraph 47 describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 47.

48.     Denied.

49.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the SAC, and on that basis denies them.

50.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the SAC, and on that basis denies them.

51.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and footnote 5 of the SAC, and on that basis denies them.  Wells Fargo further states that the Offering Materials referenced in paragraph 52 and footnote 5 describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the last sentence of footnote 5 contains characterizations of the SAC to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 51 and footnote 5.

52.     Wells Fargo states that the allegations of paragraph 52 of the SAC concern Securitization 1, as to which Wells Fargo is not named as a Defendant, such that no response from Wells Fargo is required.  To the extent a response is deemed required, Wells Fargo states

10

that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Securitization 1, and therefore denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 52.

53.     Wells Fargo states that the allegations of paragraph 53 of the SAC concern Securitization 1, as to which Wells Fargo is not named as a Defendant, such that no response from Wells Fargo is required.  To the extent a response is deemed required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Securitization 1, and therefore denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 53.

54.     Wells Fargo states that the allegations of paragraph 54 of the SAC concern Securitization 1, as to which Wells Fargo is not named as a Defendant, such that no response from Wells Fargo is required.  To the extent a response is deemed required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Securitization 1, and therefore denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 54.

55.     Wells Fargo states that the allegations of paragraph 55 of the SAC concern Securitization 1, as to which Wells Fargo is not named as a Defendant, such that no response from Wells Fargo is required.  To the extent a response is deemed required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Securitization 1, and therefore denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 55.

56.     Wells Fargo states that to the extent the allegations of paragraph 56 of the SAC (including the allegations of Item 56 of the Schedules) pertain to Securitizations 1 through 9, no

response from Wells Fargo is required because Wells Fargo is not named as a Defendant in connection with such securitizations.  To the extent a response is deemed required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 56, and therefore denies them.  The remaining allegations of paragraph 56 are characterizations of the SAC to which no response is required.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 56 (including the allegations of Item 56 of the Schedules).

57.     Wells Fargo lacks information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the SAC, and on that basis denies them.  Wells Fargo states that the Offering Materials describe the securitization process and the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 57.

58.     Wells Fargo lacks information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the SAC, and on that basis denies them.  Wells Fargo further states that the Offering Materials describe the securitization process and the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 58.

59.     Wells Fargo lacks information sufficient to form a belief as to the truth of the allegations of the first, second, and fourth sentences of paragraph 59, and of footnotes 6 and 7,

and on that basis denies those allegations.  Wells Fargo further states that footnote 7 contains characterizations of the SAC to which no response is required.  Wells Fargo denies the allegations of the third sentence of paragraph 59 and denies that the Offering Documents contained false or misleading statements.  Wells Fargo further states that the Offering Materials describe the securitization process and the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 59 and footnotes 6 and 7.

60.     Wells Fargo states that the allegations of paragraph 60 and footnote 8 of the SAC pertain to Securitization 1, as to which Wells Fargo is not named as a Defendant, such that no response from Wells Fargo is required.  To the extent a response is deemed required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Securitization 1, and therefore denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 60.

61.     Wells Fargo states that the allegations of paragraph 61 and footnote 8 of the SAC pertain to Securitization 1, as to which Wells Fargo is not named as a Defendant, such that no response from Wells Fargo is required.  To the extent a response is deemed required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Securitization 1, and therefore denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 61.

62.     Wells Fargo states that the first two sentences of paragraph 62 of the SAC constitute characterizations of the SAC to which no response is required, but to the extent a

response is deemed required, denied.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 62.

63.     Denied.

64.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 64.

65.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 65.

66.     Wells Fargo states that to the extent the allegations of paragraph 66 of the SAC pertain to Securitizations 1 through 9, no response from Wells Fargo is required because the allegations pertain exclusively to other Defendants.  To the extent paragraph 66 contains allegations to which a response is deemed required, denied.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 66.

67.     Wells Fargo states that to the extent the allegations of paragraph 67 of the SAC pertain to Securitizations 1 through 9, no response from Wells Fargo is required because the allegations pertain exclusively to other Defendants.  To the extent paragraph 67 contains allegations to which a response is deemed required, denied.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for

14

their contents, and denies any characterization inconsistent with the terms of those documents. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 67.

68.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the SAC, and on that basis denies them.  Wells Fargo respectfully refers the Court to the document referenced in paragraph 68 for its contents, and denies any characterization of the document that is inconsistent with the terms of the document. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 68.

69.     Wells Fargo respectfully refers the Court to the documents referenced in paragraph 69 of the SAC for their contents, and denies any characterization of the documents that is inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 69.

70.     Wells Fargo respectfully refers the Court to the documents referenced in paragraph 70 of the SAC for their contents, and denies any characterization of the documents that is inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 70.

71.     Wells Fargo states that the Offering Materials referenced in paragraph 71 of the SAC (including Item 71 of the Schedules) describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the allegations of the second and third sentences of paragraph 71 of the SAC are characterizations of the SAC to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 71.

72.     Wells Fargo states that to the extent the allegations of paragraph 72 of the SAC pertain to Securitizations 1 through 9, no response from Wells Fargo is required because the allegations pertain exclusively to other Defendants.  To the extent paragraph 72 contains allegations to which a response is deemed required, denied.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 72.

73.     Wells Fargo states that to the extent the allegations of paragraph 73 of the SAC pertain to Securitizations 1 through 9, no response from Wells Fargo is required because the allegations pertain exclusively to other Defendants.  To the extent paragraph 73 contains allegations to which a response is required or deemed required, denied.

74.     Wells Fargo states that to the extent the allegations of paragraph 74 of the SAC pertain to Securitizations 1 through 9, no response from Wells Fargo is required because the allegations pertain exclusively to other Defendants.  To the extent paragraph 74 contains allegations to which a response is required or deemed required, denied.

75.     Wells Fargo lacks information sufficient to form a belief as to the truth of the allegations of paragraph 75, and on that basis denies them.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 75.

76.     Wells Fargo lacks information sufficient to form a belief as to the truth of the allegations of paragraph 76, and on that basis denies them.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for

their contents, and denies any characterization inconsistent with the terms of those documents. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 76.

77.     Wells Fargo states that to the extent the allegations of paragraph 77 of the SAC pertain to Securitizations 1 through 9, as to which Wells Fargo is not named as a Defendant, no response from Wells Fargo is required.  To the extent a response is deemed required, Wells Fargo states that the Offering Materials referenced in paragraph 77 (including Item 77 of the Schedules) describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the allegations of the third and fourth sentences of paragraph 77 of the SAC are characterizations of the SAC to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 77.

78.     Wells Fargo states that to the extent the allegations of paragraph 78 of the SAC pertain to Securitizations 1 through 9, as to which Wells Fargo is not named as a Defendant, no response from Wells Fargo is required.  To the extent paragraph 78 contains allegations to which a response is required or deemed required, denied.

79.     Wells Fargo lacks information sufficient to form a belief as to the truth of the allegations of paragraph 79, and on that basis denies them.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 79.

80.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any

17

characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 80.

81.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the SAC, and on that basis denies them.

82.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 82 of the SAC, and on that basis denies those allegations.  Wells Fargo denies the allegations of the second sentence of paragraph 82.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 82.

83.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, and fourth sentences of paragraph 83 of the SAC, and therefore denies those allegations.  Wells Fargo denies the allegations of the third and fifth sentences of paragraph 83.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 83.

84.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, fourth, and fifth sentences of paragraph 84 of the SAC, and therefore denies those allegations.  Wells Fargo denies the allegations of the third and sixth sentences.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 84.

85.     Wells Fargo states that paragraph 85 of the SAC concerns Securitization 1, as to which Wells Fargo is not named as a Defendant, such that no response from Wells Fargo is required.  The fourth and fifth sentences consist of characterizations of the SAC to which no response is required.  Wells Fargo further states that the Offering Materials referenced in paragraph 85 of the SAC (including Item 85 of the Schedules) describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 85.

86.     Denied.

87.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 87.

88.     Wells Fargo states that the Offering Materials referenced in paragraph 88 of the SAC (including Item 88 of the Schedules) describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the allegations of the second and fourth sentences of paragraph 88 are characterizations of the SAC to which no response is required. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 89.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Wells Fargo states that the second, sixth, and seventh sentences of paragraph 92 of the SAC, and Figure 1, concern a Defendant other than Wells Fargo such that no response from Wells Fargo is required.  The extent a response to the second, sixth, and seventh sentences of paragraph 92, and Figure 1, is deemed required, Wells Fargo lacks information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.  Wells Fargo respectfully refers the Court to the Offering Materials, which describe the certificates and the origination process, and denies any allegation of paragraph 92 that is inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 92.

93.     Wells Fargo states that paragraph 93 of the SAC (including Figure 2) concerns a Defendant other than Wells Fargo such that no response from Wells Fargo is required.  To the extent a response is deemed required, Wells Fargo lacks information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

94.     To the extent that paragraph 94 of the SAC, and Exhibit A, contain allegations about Defendants other than Wells Fargo, no response from Wells Fargo is required.  To the extent a response to such allegations is deemed required from Wells Fargo, it lacks information sufficient to form a belief as to the truth of such allegations, and on that basis denies them. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 94 (and of Exhibits A and B).

95.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents. Wells Fargo further states that the allegations of the last two sentences of paragraph 95 are characterizations of the SAC to

which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 95 (including Item 95 of the Schedules).

96.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the allegations of the last two sentences of paragraph 96 are characterizations of the SAC to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 96 (including Item 96 of the Schedules).

97.     Wells Fargo states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the allegations of the last two sentences of paragraph 97 are characterizations of the SAC to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 97 (including Item 97 of the Schedules).

98.     Denied.

99.     Wells Fargo states that the Offering Materials referenced in paragraph 99 of the SAC (including Item 99 of the Schedules) describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Wells Fargo further states that the allegations of the third and fourth sentences of paragraph 99 are characterizations of the SAC to which no response is required. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 99.

100.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the SAC, and on that basis denies them.

101.    Denied.

102.    Wells Fargo states that the allegations of paragraph 102 of the SAC concern Securitization 1, as to which Wells Fargo is not named as a Defendant, such that no response from Wells Fargo is required.  To the extent a response to the allegations concerning Securitization 1 is deemed required from Wells Fargo, it lacks information sufficient to form a belief as to the truth of such allegations, and on that basis denies them.  Wells Fargo further states that the allegations of the last two sentences of paragraph 102 are characterizations of the SAC to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 102 (including Item 102 of the Schedules).

103.    Denied.

104.    Denied.

105.    Wells Fargo admits that Plaintiff's original complaint in this action was filed on or about August 10, 2012.  Wells Fargo states that the remaining allegations of paragraph 105 of the SAC consist of conclusions of law to which no response is required.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 105.

106.    Wells Fargo states that the first, and third through seventh, sentences of paragraph 106 of the SAC contain legal conclusions to which no response is required, but to the extent a response is deemed required, denied.  Wells Fargo further states that the Offering Materials referenced in paragraph 106 describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 106.

107.     Wells Fargo lacks information sufficient to form a belief as to the truth of the allegations in paragraph 107 concerning Plaintiffs' activities, and on that basis denies them. Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 107.

108.     Wells Fargo states that the first sentence of paragraph 108 of the SAC contains conclusions of law as to which no response is required, but to the extent a response is deemed required, denied.  To the extent the remaining sentences of paragraph 108 (and Items 37, 46, 71 77, 88, and 99 of the Schedules) contain factual allegations to which a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.  Wells Fargo further states that the Offering Materials describe the certificates and the securitization process, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 108.

109.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109, and on that basis denies them.

110.     Wells Fargo respectfully refers the Court to the Offering Documents, and denies any characterization inconsistent with the terms of those documents.  To the extent that paragraph 110 (and Item 37 of the Schedules) contains factual allegations to which a response is required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 110.

38119038.2

111.     Wells Fargo states that paragraph 111 of the SAC contains conclusions of law and argumentative characterizations to which no response is required, but to the extent a response is deemed required, denied.

112.     Wells Fargo states that paragraph 112 of the SAC contains conclusions of law and allegations about Securitization 8, as to which Wells Fargo is not named as a Defendant. Accordingly, no response to such conclusions and allegations is required.  To the extent a response is deemed required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the allegations about Securitization 8, and on that basis denies them.  Wells Fargo further respectfully refers the Court to the pertinent pleadings in the referenced Northern District of California case, and denies any characterization of those pleadings that is inconsistent with them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 112.

113.     Wells Fargo states that paragraph 113 of the SAC consists entirely of conclusions of law and allegations about Securitization 8, as to which Wells Fargo is not named as a Defendant.  Accordingly, no response is required.  To the extent a response is deemed required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 113, and on that basis denies them.

114.     Wells Fargo states that paragraph 114 of the SAC consists entirely of conclusions of law as to which no response is required.  To the extent a response is deemed required, Wells Fargo respectfully refers the Court to the pertinent pleadings and orders in the referenced lawsuit, and denies any characterization of those pleadings and orders that is inconsistent with them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 114.

115.     Wells Fargo states that paragraph 115 of the SAC contains conclusions of law and allegations about Securitization 8, as to which Wells Fargo is not named as a Defendant. Accordingly, no response is required.  To the extent a response is deemed required, Wells Fargo states that it lacks factual knowledge or information sufficient to form a belief as to the allegations of paragraph 115 of the SAC, and on that basis denies them.

116.     Wells Fargo states that paragraph 116 of the SAC contains conclusions of law as to which no response is required, but to the extent a response is deemed required, Wells Fargo (i) admits that the WFMBS certificates identified in Schedules 10 and 11 to the SAC are backed in whole or in part by mortgage loans originated or acquired by Wells Fargo or its affiliates; and (b) otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116, and on that basis denies them.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 116.

117-222.  Paragraphs 117 through 222 of the SAC pertain solely to claims that have been dismissed with prejudice as to Wells Fargo, or that were not alleged against Wells Fargo in the first place.  Accordingly, no response to these paragraphs is required.

223.     Wells Fargo hereby repeats and incorporates by reference each of its responses to paragraphs 1 through 222 of the SAC as if fully set forth herein.

224.     Wells Fargo states that the allegations of paragraph 224 of the SAC consist of legal conclusions and allegations that pertain exclusively to another Defendant, such that no response from Wells Fargo is required.  To the extent a response from Wells Fargo is deemed required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 224, and on that basis denies them.

225.     Wells Fargo states that the first sentence of paragraph 225 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Wells Fargo respectfully refers the Court to the Offering Materials, and denies any characterization that is inconsistent with the terms of those documents.  Wells Fargo states that the second sentence of paragraph 225 consists of legal conclusions to which no response is required, but to the extent a response is deemed required, denied.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 225.

226.     Wells Fargo states that the allegations of paragraph 226 of the SAC consist of legal conclusions and allegations that pertain exclusively to another Defendant, such that no response from Wells Fargo is required.  To the extent a response from Wells Fargo is deemed required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 226, and on that basis denies them.

227.     Wells Fargo states that the allegations of paragraph 227 of the SAC consist of legal conclusions and allegations that pertain exclusively to another Defendant, such that no response from Wells Fargo is required.  To the extent a response from Wells Fargo is deemed required (i) Wells Fargo respectfully refers the Court to the Offering Materials, and denies any characterization that is inconsistent with the terms of those documents; and (ii) denies the allegations of the second sentence of paragraph 227.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 227.

228.     Wells Fargo states that the allegations of paragraph 228 of the SAC consist of legal conclusions and allegations that pertain exclusively to another Defendant, such that no response from Wells Fargo is required.  To the extent a response from Wells Fargo is deemed

26

required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 228, and on that basis denies them.

229.    Wells Fargo states that the allegations of paragraph 229 of the SAC consist of legal conclusions and allegations that pertain exclusively to another Defendant, such that no response from Wells Fargo is required.  To the extent a response from Wells Fargo is deemed required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 229, and on that basis denies them.

230.    Wells Fargo states that the allegations of paragraph 230 of the SAC consist of legal conclusions and allegations that pertain exclusively to another Defendant, such that no response from Wells Fargo is required.  To the extent a response from Wells Fargo is deemed required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 230, and on that basis denies them.

231.    Wells Fargo states that the allegations of paragraph 231 of the SAC consist of legal conclusions and allegations that pertain exclusively to another Defendant, such that no response from Wells Fargo is required.  To the extent a response from Wells Fargo is deemed required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 231, and on that basis denies them.

232.    Wells Fargo states that the allegations of paragraph 232 of the SAC contain conclusions of law and characterizations of the SAC to which no response is required.  Wells Fargo further states that the Offering Materials describe the certificates, respectfully refers the Court to those documents for their contents, and denies any characterization inconsistent with the terms of those documents.  Except as expressly admitted herein, Wells Fargo denies the allegations of paragraph 232.

233.    Denied.

234.    Wells Fargo states that the allegations of paragraph 234 of the SAC contain conclusions of law to which no response is required.  To the extent a response is deemed required, Wells Fargo states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

235.    Wells Fargo states that the allegations of paragraph 235 of the SAC contain descriptions of the SAC and conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

236.    Wells Fargo states that the allegations of paragraph 236 of the SAC contain conclusions of law to which no response is required.  To the extent a response is deemed required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 236 of the SAC, and on that basis denies them.

237.    Wells Fargo states that the allegations of paragraph 237 of the SAC contain conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

238.    Wells Fargo states that the allegations of paragraph 238 of the SAC contain conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

239-242.  Paragraphs 239 through 242 pertain exclusively to claims that are not asserted against Wells Fargo.  Accordingly, no response to these paragraphs is required.

243.    Wells Fargo states that paragraph 243 does not contain a factual allegation to which a response is required.  Wells Fargo reserves its rights with respect to whether Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Wells Fargo asserts the following affirmative and other defenses and arguments, but in doing so, does not intend to assume and does not assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden:

### First Defense

This action is barred to the extent Plaintiff lacks standing or statutory authority to bring it, and/or to the extent an entity other than Colonial Bank suffered the alleged harm.

### Second Defense

This action is barred, in whole or in part, because the SAC fails to state a claim upon which relief can be granted.

### Third Defense

This action is barred, in whole or in part, because the SAC fails to meet the requirements of Federal Rules of Civil Procedure 8 and 9(b).

### Fourth Defense

This action is barred, in whole or in part, because Plaintiff, Colonial Bank, and/or CBG Investments, Inc. failed to ask, and Wells Fargo or others did not refuse, to cure, repurchase, or substitute any allegedly non-compliant or defective loans.

### Fifth Defense

The purported claims against Wells Fargo and the allegations upon which they are based are improperly vague, ambiguous, and confusing.  Wells Fargo reserves the right to request a more definite statement.

29

## Sixth Defense

This action is barred, in whole or in part, because it fails to allege any actionable misstatement or misrepresentation by Wells Fargo or otherwise.

## Seventh Defense

This action is barred, in whole or in part, because the statements alleged in the SAC, if any were in fact made, did not contain untrue material facts and all statements alleged to have been made (if any were made) had a reasonable basis in fact and/or were immaterial as a matter of law.  At all relevant times, Wells Fargo acted without intent to defraud and without recklessness, subjective falsity, or negligence, and Wells Fargo both actually and reasonably believed, at the time the statements alleged in the SAC were made (if they were made), that those statements were correct and not misleadingly incomplete.

## Eighth Defense

This action is barred, in whole or in part, because the challenged statements constitute statements of opinion or belief and/or were not made with subjective falsity.

## Ninth Defense

The action is barred, in whole or in part, because the facts that Plaintiff alleges to have been misrepresented or omitted were in fact known to, and entered the securities market through, credible sources.  Plaintiff is not entitled to any recovery because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in public filings and announcements, in the documents referenced in the SAC, and/or from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## Tenth Defense

This action is barred, in whole or in part, to the extent the challenged statements bespoke caution.

## Eleventh Defense

This action is barred, in whole or in part, to the extent there was an absence or impossibility of actual and/or justifiable reliance by Colonial Bank and/or CBG Investments, Inc. on the statements, acts, or omissions alleged in the SAC.

## Twelfth Defense

This action is barred, in whole or in part, to the extent the purchase of the certificates, or commitment to purchase, was made prior to the time of the allegedly false or misleading statements.

## Thirteenth Defense

The action is barred, in whole or in part, because Colonial Bank and/or CBG Investments, Inc. engaged in the securities transactions referenced in the SAC with actual or constructive knowledge of the risks involved in an investment in those securities, the risks involved with the mortgage loan business, and other material risks, and thus Colonial Bank and/or CBG Investments, Inc. assumed the risk that the value of the certificates referenced in the SAC would decline if such risks materialized.

## Fourteenth Defense

This action is barred, in whole or in part, because Colonial Bank and/or CBG Investments, Inc. would have purchased the certificates even with full knowledge of the matters Plaintiff now alleges were misrepresented or omitted.

31

## Fifteenth Defense

This action is barred, in whole or in part, due to the absence of transaction causation. Specifically, Wells Fargo did not directly or indirectly cause any alleged injury suffered by Plaintiff, Colonial Bank, and/or CBG Investments, Inc., any investment transaction by any of those entities, or the alleged violations complained of in the SAC.

## Sixteenth Defense

This action is barred, in whole or in part, to the extent Plaintiff or Colonial Bank did not suffer any damages, harm, or economic loss in connection with alleged purchases and sales of the certificates.

## Seventeenth Defense

This action is barred, in whole or in part, due to the absence of loss causation. Specifically, neither Wells Fargo nor any statement or omission alleged in the SAC was a cause of any alleged injury or loss or damages suffered by Plaintiff or Colonial Bank.

## Eighteenth Defense

This action is barred, in whole or in part, because Wells Fargo is not liable for any portion of Plaintiff's and/or Colonial Bank's loss or damage caused by factors other than the misstatements and omissions alleged in the SAC.  Plaintiff's and/or Colonial Bank's injuries or damages, to the extent they exist, were caused by superseding and intervening events unconnected to Wells Fargo, including macroeconomic and mortgage industry events.

## Nineteenth Defense

This action is barred, in whole or in part, because Plaintiff's and/or Colonial Bank's alleged damages are speculative and thus not recoverable.

32

38119038.2

**Twentieth Defense**

This action is barred, in whole or in part, because any damages recoverable by Plaintiff must be reduced by the amount of payments received by Plaintiff, Colonial Bank, and/or CBG Investments, Inc. under the terms of the certificates.

**Twenty-First Defense**

Without admitting that Plaintiff and/or Colonial Bank suffered damages as a result of any act or omission by Wells Fargo, any damages that may be awarded in connection with the claims asserted herein are offset and must be reduced by any amounts received in connection with the WFMBS certificates.  Such amounts include, but are not limited to:

- Payments, including interest payments, made under the WFMBS certificates;

- The amount of any indemnity, loss-sharing, or other amounts received in connection with the certificates or any transaction in the certificates, including, without limitation, amounts received in connection with any contract or agreement with Branch Banking & Trust Company or any affiliate thereof;

- The amount of any settlement proceeds received in connection with the Settlement and Release Agreement dated July 11, 2014 between the Federal Deposit Insurance Corporation as Receiver for Citizens National Bank, the Federal Deposit Insurance Corporation as Receiver for Strategic Capital Bank, and the Federal Deposit Insurance Corporation as Receiver for Colonial Bank, on the one hand; and Citigroup Global Markets Inc., Citigroup Financial Products Inc., CitiMortgage, Inc., Citigroup Mortgage Loan Trust Inc., and Citicorp Mortgage Securities, Inc., on the other hand;

- The amount of any settlement proceeds received in connection with the Settlement and Release Agreement dated November 19, 2013, between the Federal Deposit Insurance Corporation as Receiver for Strategic Capital Bank, the Federal Deposit Insurance Corporation as Receiver for Citizens National Bank, the Federal Deposit Insurance Corporation as Receiver for Colonial Bank, the Federal Deposit Insurance Corporation as Receiver for Guaranty Bank, the Federal Deposit Insurance Corporation as Receiver for Irwin Union Bank and Trust Company, and the Federal Deposit Insurance Corporation as Receiver for United Western Bank, on the one hand; and JPMorgan Chase & Co., Chase Mortgage Finance Corp., J.P. Morgan Securities Holdings LLC, The Bear Stearns Companies LLC, Bear Stearns Asset Backed Securities LLC, Structured Asset Mortgage Investments II Inc., J.P. Morgan Acceptance Corporation I, WaMu

33

Asset Acceptance Corporation, Washington Mutual Mortgage Securities Corp., Long Beach Securities Corp., and WaMu Capital Corporation, on the other hand;

- The amount of any settlement proceeds received in connection with any future or additional settlement relating in whole or in part to the WFMBS certificates; and

- The amount of the tax benefits accruing to Plaintiff, Colonial Bank, and/or CBG Investments, Inc., by virtue of its or their deduction of capital loss or otherwise.

Such offsets and reductions are necessary to prevent unjust enrichment .

## Twenty-Second Defense

This action is barred, in whole or in part, by the doctrines of contributory negligence/fault, comparative negligence/fault, and/or assumption of risk.

## Twenty-Third Defense

The action is barred, in whole or in part, because Plaintiff, Colonial Bank, and/or CBG Investments, Inc. either knew or should have known about the matters alleged in the SAC, and its own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiff and/or Colonial Bank from the purchase and sale of the securities referenced in the SAC.

## Twenty-Fourth Defense

At all relevant times, Plaintiff, Colonial Bank, and/or CBG Investments, Inc. had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the factors alleged in the SAC.  To the extent they failed to comply with that duty, Plaintiff is barred from recovering any damages which might reasonably have been avoided.

## Twenty-Fifth Defense

Recovery in this action is barred, in whole or in part, to the extent recovery is had in another lawsuit or other proceeding.

38119038.2

## Twenty-Sixth Defense

This action is barred, in whole or in part, to the extent that the one recovery rule bars recovery.

## Twenty-Seventh Defense

Plaintiff is precluded from recovering prejudgment interest because, without admitting that Plaintiff is entitled to any damages, any award recovered in this action is not liquidated or ascertainable, and for this reason (among others) any award of prejudgment interest would be unjust and inequitable.

## Twenty-Eighth Defense

This action is barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall.

## Twenty-Ninth Defense

This action is barred, in whole or in part, by the applicable statute of limitations and/or repose.

## Thirtieth Defense

This action is barred, in whole or in part, by the doctrine of laches.

## Thirty-First Defense

This action is barred, in whole or in part, by estoppel, unclean hands, fraud, *in pari delicto*, waiver, and/or other related legal or equitable doctrines.

## Thirty-Second Defense

This action is barred due to Wells Fargo's compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the SAC, including but not limited to Regulation AB.

### Thirty-Third Defense

This action is barred, in whole or in part, by the doctrine of ratification.

### Thirty-Fourth Defense

Wells Fargo hereby adopts and incorporates, as though fully set forth herein, the affirmative and other defenses asserted in the answers of other depositor Defendants in this action.

### Thirty-Fifth Defense

Wells Fargo hereby gives notice that it intends to rely upon such other and further defenses and arguments as may become available or apparent during pretrial proceedings in this action (including discovery) and hereby reserves its rights to amend this Answer and assert all such defenses.

### JURY DEMAND

Wells Fargo demands a trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Wells Fargo respectfully requests that the SAC be dismissed with prejudice, that Plaintiff be denied any relief, and that the Court award Wells Fargo its attorneys' fees, costs, and any other relief deemed just and proper.


DATED: April 16, 2018                MUNGER, TOLLES & OLSON LLP

By: ___/s/ James C. Rutten_____

James C. Rutten (*pro hac vice*)
Kenneth M. Trujillo-Jamison (*pro hac vice*)
350 South Grand Avenue, 50th Floor
Los Angeles, California  90071-3426
Phone: (213) 683-9100
Fax: (213) 687-3702
james.rutten@mto.com
kenneth.trujillo-jamison@mto.com

36

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
Andrew W. Goldwater
7 Times Square
New York, New York  10036-6516
Phone: (212) 833-1106
Fax: (212) 373-7906
agoldwater@fklaw.com

37