UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR COLONIAL
BANK,

                    *Plaintiff*,

            v.

FIRST HORIZON ASSET SECURITIES INC.;
FIRST HORIZON HOME LOAN CORPORATION;
CREDIT SUISSE (USA) LLC; DEUTSCHE BANK
SECURITIES INC.; FTN FINANCIAL
SECURITIES CORP.; HSBC SECURITIES (USA)
INC.; RBS SECURITIES INC.; UBS SECURITIES
LLC; and WELLS FARGO ASSET SECURITIES
CORPORATION,

                    *Defendants*.

Index No. 12-cv-6166 (LLS)

### ANSWER AND DEFENSES OF THE FIRST HORIZON DEFENDANTS
### TO THE SECOND AMENDED COMPLAINT

Defendants First Tennessee Bank National Association ("First Tennessee") (successor by

merger to First Horizon Home Loan Corporation), FTN Financial Securities Corporation

("FTN"), and First Horizon Asset Securities, Inc. ("FHASI") (collectively, "First Horizon" or

"Defendants"), by and through their undersigned counsel, hereby answer the Second Amended

Complaint, dated June 21, 2017 (the "Complaint"), filed in the above-captioned action by the

Federal Deposit Insurance Corporation  ("FDIC" or "Plaintiff"), as receiver for Colonial Bank

("Colonial"), as follows:

To avoid any doubt, Defendants state that they deny all allegations in the Complaint to

the extent that the allegations assert or suggest, individually or collectively, that: (1) any of the

Offering Materials (as defined herein) were false or misleading; (ii) any allegedly false or

misleading statement was material to a reasonable investor, in particular Colonial; or (iii) Defendants engaged in any actionable conduct or are otherwise liable to Plaintiff.  Defendants in all events intend to respond only to allegations directed towards the First Horizon Defendants, such that none of the responses should be deemed to be responding to allegations that are directed solely to other defendants.  Except as otherwise indicated, the responses herein in respect of each Defendant are made on personal knowledge with respect to certain allegations specifically relating to that Defendant, and on information and belief with respect to all other allegations (including based on information obtained from documents and/or other knowledgeable individuals).[1]  Defendants also state that no response is necessary to any averments in the headings, subheadings, prayer for relief, and exhibits and Schedules of the Amended Complaint.  To the extent any response is necessary, Defendants deny all allegations contained in the headings, subheadings, prayer for relief, and exhibits and Schedules of the Amended Complaint unless otherwise noted.  Defendants also note that, by Opinion and Order dated March 2, 2018, this Court dismissed Plaintiff's claims for violation of the Nevada Uniform Securities Act and Section 12(a)(2) of the 1933 Act, and dismissed all claims against First Horizon under the Alabama Securities Act, *see* ECF No. 204, and state that no response is required to any allegations in the Complaint with respect to those claims.

        1.        Paragraph 1 consists of general statements about Colonial Bank and legal assertions to which no response is required.  To the extent a response is required, Defendants

---

[1]    Additionally, throughout its Complaint, Plaintiff cites to complaints in other litigations, newspaper articles, and reports as supposed evidentiary support for its factual allegations.  In referring the Court to these documents in response to specific allegations, Defendants do not concede that Plaintiff has accurately described the documents or admit to any allegations contained in those documents.  Defendants also reserve all objections they may have to the admissibility or relevance of such materials.  Furthermore, Defendants deny all averments in the headings and subheadings of the Complaint.

deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 1.

2.      Defendants deny that First Horizon solicited Colonial to purchase any Certificates, and deny that Colonial decided to invest in any certificates on the basis of offering materials sent by First Horizon.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the remaining allegations contained in Paragraph 2.

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 3.

4.      Defendants deny the allegations contained in Paragraph 4.

5.      Paragraph 5 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 6.

7.      Defendants deny the allegations contained in Paragraph 7.

8.      Paragraph 8 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8. Defendants aver that any alleged misrepresentation was immaterial because it did not alter the total mix of information available to Colonial.

9.      Defendants deny the allegations contained in Paragraph 9, except deny knowledge or information sufficient to form a belief as to the allegations that relate to any information purportedly reviewed by Plaintiff or in the Plaintiff's possession.

10.     Defendants deny the allegations contained in Paragraph 10, except deny knowledge or information sufficient to form a belief as to the allegations that relate to any information purportedly reviewed by Plaintiff or in the Plaintiff's possession.

11.     Paragraph 11 contains legal assertions to which no response is required. Further, to the extent the allegations contained in Paragraph 11 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, Defendants need not respond thereto.  To the extent a response is required, Defendants (i) deny the allegations concerning First Horizon contained in Paragraph 11, and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 11 as to the other defendants.

12.     Paragraph 12 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 12.

13.     Defendants admit that FHASI is a corporation organized under the laws of Delaware.

14.     Paragraph 14 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14.

15.     The allegations contained in Paragraph 15 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 15.

16.     The allegations contained in Paragraph 16 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 16.

17.     Defendants admit that FTN is a corporation organized under the laws of Tennessee.

18.     The allegations contained in Paragraph 18 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 18.

19.     The allegations contained in Paragraph 19 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 19.

20.     The allegations contained in Paragraph 20 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 20.

21.     The allegations contained in Paragraph 21 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 21.

22.     Paragraph 22 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 22.

23.     Paragraph 23 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23.

24.     Paragraph 24 consists of general statements about residential mortgage-backed securitizations ("RMBS"), without alleging facts specifically pertaining to Defendants, to which no response is required.  To the extent a response is required, Defendants deny the penultimate sentence of Paragraph 24 and deny that the allegations contained in Paragraph 24 present a complete and accurate description of the securitization process.

25.     Paragraph 25 consists of general statements about RMBS, without alleging facts specifically pertaining to Defendants, to which no response is required.  To the extent a response is required, Defendants deny that the allegations contained in Paragraph 25 present a complete and accurate description of the securitization process.

26.     Paragraph 26 consists of general statements about RMBS, without alleging facts specifically pertaining to Defendants, to which no response is required.  To the extent a response is required, Defendants deny that the allegations contained in Paragraph 26 present a complete and accurate description of the securitization process.

27.     Paragraph 27 consists of general statements about RMBS, without alleging facts specifically pertaining to Defendants, to which no response is required.  To the extent a response is required, Defendants deny that the allegations contained in Paragraph 27 present a complete and accurate description of the securitization process.

28.     Paragraph 28 consists of general statements about RMBS, without alleging facts specifically pertaining to Defendants, to which no response is required.  To the extent a

response is required, Defendants deny that the allegations contained in Paragraph 28 present a complete and accurate description of the securitization process.

29.     Paragraph 29 consists of general statements about RMBS, without alleging facts specifically pertaining to Defendants, to which no response is required.  To the extent a response is required, Defendants deny that the allegations contained in Paragraph 29 present a complete and accurate description of the securitization process.

30.     Paragraph 30 consists of general statements about RMBS, without alleging facts specifically pertaining to Defendants, to which no response is required.  To the extent a response is required, Defendants deny that the allegations contained in Paragraph 30 present a complete and accurate description of the securitization process, except admit that the certificates referred to in this Complaint that were issued by FHASI were rated triple-A when Colonial purchased them.

31.     Paragraph 31 consists of general statements about RMBS, without alleging facts specifically pertaining to Defendants, to which no response is required.  To the extent a response is required, Defendants deny that the sponsor is the "prime mover" of a securitization, deny that the allegations contained in Paragraph 31 otherwise present a complete and accurate description of the securitization process, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the certificates.

32.     Paragraph 32 consists of general statements about RMBS and legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the last sentence of Paragraph 32, and otherwise deny that the allegations contained in Paragraph 32 present a complete and accurate description of the securitization process.

33.     Paragraph 33 consists of general statements about RMBS and legal assertions to which no response is required.  To the extent a response is required, Defendants deny that the allegations contained in Paragraph 33 present a complete and accurate description of the role of securities underwriters, and deny that FTN was an underwriter for any of the securities at issue in this action.

34.     Paragraph 34 consists of general statements about RMBS and legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 34, except admit that the cash flow from the loans in the collateral pool of a securitization is generally the source of funds to pay the holders of the certificates issued by the trust.

35.     Paragraph 35 consists of general statements about RMBS and legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 35.

36.     Defendants deny the allegations contained in Paragraph 36.

37.     Defendants deny the allegations contained in Paragraph 37 and contained in Item 37 of the Schedules, except deny knowledge or information sufficient to form a belief as to the allegations that relate to any information purportedly in the Plaintiff's possession, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the details of the securitizations and certificates at issue.

38.     Defendants deny the allegations contained in Paragraph 38 and contained in Item 37 of the Schedules, except (i) admit that the prospectus supplements for the securitizations are publicly available on the Securities and Exchange Commission's website, and (ii) that Item 37 of the Schedules purports to contain a URL for each prospectus supplement.

39.     Defendants deny the allegations contained in Paragraph 39, except deny knowledge or information sufficient to form a belief as to the allegations that relate to any information purportedly reviewed by Plaintiff or in the Plaintiff's possession.

40.     Defendants deny the allegations contained in Paragraph 40.

41.     Paragraph 41 consists of general statements about mortgage loans to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 41, except admit that the appraised value or sale price of a home may be used to calculate an LTV ratio.

42.     Paragraph 42 consists of general statements about mortgage loans to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 42.

43.     Paragraph 43 consists of general statements about RMBS to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the last sentence of Paragraph 43, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 43.

44.     Paragraph 44 consists of general statements about mortgage loans to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 44.

45.     Paragraph 45 consists of general statements about RMBS and legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 45.

46.     Defendants deny the allegations contained in Paragraph 46 and contained in Item 46 of the Schedules.

47.     Defendants deny the allegations contained in Paragraph 47.

48.     Defendants deny the allegations contained in Paragraph 48.

49.     Defendants deny the allegations contained in Paragraph 49, except deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 49 that relate to any information purportedly reviewed by Plaintiff or in the Plaintiff's possession.

50.     Defendants deny the allegations contained in Paragraph 50.

51.     Defendants deny the allegations contained in Paragraph 51.

52.     Defendants deny the allegations contained in Paragraph 52.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54.

55.     Defendants deny the allegations contained in Paragraph 55.

56.     Defendants deny the allegations contained in Paragraph 56 and contained in Item 56 of the Schedules.

57.     Paragraph 57 consists of general statements about mortgage loans to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 57.

58.     Paragraph 58 consists of general statements about mortgage loans to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 58.

59.     Defendants deny the allegations contained in Paragraph 59.

60.     Defendants deny the allegations contained in Paragraph 60.

61.     Defendants deny the allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62 and contained in Item 62 of the Schedules.

63.     Defendants deny the allegations contained in Paragraph 63.

64.     Defendants deny the allegations contained in Paragraph 64.

65.     Defendants deny the allegations contained in Paragraph 65.

66.     Defendants deny the allegations contained in Paragraph 66.

67.     Defendants deny the allegations contained in Paragraph 67.

68.     Defendants deny that the allegations contained in Paragraph 68 present a complete and accurate description of the appraisal process.

69.     Defendants deny that the allegations contained in Paragraph 69 present a complete and accurate description of the appraisal process.

70.     Defendants deny that the allegations contained in Paragraph 70 present a complete and accurate description of the appraisal process.

71.     Defendants deny the allegations contained in Paragraph 71 and contained in Item 71 of the Schedules, except respectfully refer the Court to the Offering Documents for a complete and accurate description of their content.

72.     Defendants deny the allegations contained in Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73.  To the extent Paragraph 73 incorporates by reference Paragraph 71, Defendants incorporate by reference the responses to that paragraph as if set forth fully herein.

74. Defendants deny the allegations contained in Paragraph 74. To the extent other paragraphs are referenced in Paragraph 74, Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

75. Defendants deny the allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77 and contained in Item 77 of the Schedules, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their content.

78. Defendants deny the allegations contained in Paragraph 78.

79. Paragraph 79 consists of general statements about mortgage loans to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 81, except deny the allegations contained in the first sentence of Paragraph 81 and the parenthetical phrase in Paragraph 81.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 82, except deny the allegations in the last sentence of Paragraph 82.

83. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 83, except deny the allegations contained in the last three sentences of Paragraph 83.

84.     Defendants deny the allegations contained in Paragraph 84, except deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in the fourth and fifth sentences of Paragraph 84.

85.     The allegations contained in Paragraph 85 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 85 and contained in Item 85 of the Schedules, except deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in the first sentence of Paragraph 85.

86.     Defendants deny the allegations contained in Paragraph 86.

87.     Paragraph 87 consists of general statements about mortgage loans and RMBS to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 87, except admit that originators of mortgage loans may have written standards by which they underwrite loans.

88.     Defendants deny the allegations contained in Paragraph 88 and contained in Item 88 of the Schedules, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their content.

89.     Defendants deny the allegations contained in Paragraph 89.

90.     Defendants deny the allegations contained in Paragraph 90.

91.     Defendants deny the allegations contained in Paragraph 91.

92.     Defendants deny the allegations contained in Paragraph 92.

93.     Defendants deny the allegations contained in Paragraph 93.

94.     Defendants deny the allegations contained in Paragraph 94, except as to allegations pertaining to RMBS not allegedly issued or underwritten by Defendants, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, those allegations.

95.     Defendants deny the allegations in Paragraph 95 and contained in Item 95 of the Schedules.

96.     Defendants deny the allegations in Paragraph 96 and contained in Item 96 of the Schedules.

97.     Defendants deny the allegations in Paragraph 97 and contained in Item 97 of the Schedules.

98.     Defendants deny the allegations contained in Paragraph 98.  To the extent Paragraph 98 incorporates by reference Paragraph 88, Defendants incorporate by reference the responses to that paragraph as if set forth fully herein.

99.     Defendants deny the allegations contained in Paragraph 99 and contained in Item 99 of the Schedules, except respectfully refer the Court to the Offering Documents for a complete and accurate description of their content.

100.     Defendants deny the allegations contained in the first sentence of Paragraph 100, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 100.

101.     Defendants deny the allegations contained in Paragraph 101.

102.     Defendants deny the allegations contained in Paragraph 102 and contained in Item 102 of the Schedules.

103.     Defendants deny the allegations contained in Paragraph 103.

104.     Defendants deny the allegations contained in Paragraph 104.

105.     Paragraph 105 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 105, except admit that Plaintiff became receiver for Colonial on August 14, 2009.

106.     Paragraph 106 contains characterizations and legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 106.

107.     Defendants deny the allegations contained in Paragraph 107.

108.     Paragraph 108 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 108 and contained in Items 37, 46, 71, 77, 88, and 99 of the Schedules, except admit that certain of the credit rating agencies rated certain Certificates.

109.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 109.

110.     Defendants deny the allegations contained in Paragraph 110 and Item 37 of the Schedules, except admit that certain of the credit rating agencies rated and downgraded certain Certificates.

111.     Defendants deny the allegations contained in Paragraph 111.

112.     Paragraph 112 contains legal assertions to which no response is required. Further, the allegations in Paragraph 112 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 112.

113.    The allegations contained in Paragraph 113 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 113.

114.    The allegations contained in Paragraph 114 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 114.

115.    The allegations contained in Paragraph 115 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 115.

116.    The allegations contained in Paragraph 116 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 116.

117.    To the extent other paragraphs are referenced in Paragraph 117, Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

118.    The allegations contained in Paragraph 118 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 118.

119.    The allegations contained in Paragraph 119 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 119.

120.    The allegations contained in Paragraph 120 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 120.

121.    The allegations contained in Paragraph 121 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 121.

122.    The allegations contained in Paragraph 122 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 122.

123.    The allegations contained in Paragraph 123 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 123.

124.    The allegations contained in Paragraph 124 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required,

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 124.

125.    The allegations contained in Paragraph 125 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 125.

126.    The allegations contained in Paragraph 126 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 126.

127.    The allegations contained in Paragraph 127 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 127.

128.    The allegations contained in Paragraph 128 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 128.

129.    The allegations contained in Paragraph 129 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 129.

130.     The allegations contained in Paragraph 130 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 130, except admit that Deutsche Bank was an underwriter for the FHAMS 2007-FA1 securitization.

131.     The allegations contained in Paragraph 131 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 131.

132.     The allegations contained in Paragraph 132 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 132, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

133.     The allegations contained in Paragraph 133 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 133, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

134.     Paragraph 134 contains legal assertions to which no response is required. Further, the allegations contained in the second sentence of Paragraph 134 are not directed towards Defendant, and Defendant need not respond thereto.  Additionally, the allegations contained in the first sentence of Paragraph 134 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 134,

except admit that FHASI was the depositor for the FHAMS 2007-FA1 and FHAMS 2007-FA2 securitizations.

135.    The allegations contained in Paragraph 135 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 135.

136.    Paragraph 136 contains legal assertions to which no response is required. Further, the allegations contained in Paragraph 136 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 136.

137.    Defendants deny the allegations contained in Paragraph 137, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

138.    Paragraph 138 contains legal assertions to which no response is required. Further, the allegations contained in Paragraph 138 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 138, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

139.    The allegations contained in Paragraph 139 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required,

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 139.

140.    The allegations contained in Paragraph 140 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 140 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 140.

141.    The allegations contained in Paragraph 141 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 141 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 141, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

142.    The allegations contained in Paragraph 142 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 142 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 142.

143.    The allegations contained in Paragraph 143 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 143 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of, and therefore deny, the allegations contained in Paragraph 143.

   144. Paragraph 144 consists of legal assertions to which no response is required.

To the extent a response is required, Defendants deny the allegations contained in Paragraph 144,

and in particular deny that the Offering Documents contain any materially false or misleading

statements or omissions.

   145. Defendants deny the allegations contained in Paragraph 145.

   146. Defendants deny knowledge or information sufficient to form a belief as

to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 146.

   147. Paragraph 147 contains legal assertions to which no response is required.

Further, to the extent the allegations contained in Paragraph 147 relate to a cause of action which

was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, Defendants need not respond

thereto.  To the extent a response is required, Defendants deny the allegations contained in

Paragraph 147.

   148. To the extent other paragraphs are referenced in Paragraph 148,

Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

   149. Paragraph 149 consists of legal assertions to which no response is required.

Further, the allegations contained in Paragraph 149 relate to a cause of action which was

dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond

thereto.  To the extent a response is required, Defendants deny the allegations contained in

Paragraph 149.

150.    Paragraph 150 consists of legal assertions to which no response is required. Further, the allegations contained in Paragraph 150 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 150.

151.    Paragraph 151 consists of legal assertions to which no response is required. Further, the allegations contained in Paragraph 151 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 151.

152.    To the extent other paragraphs are referenced in Paragraph 152, Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

153.    The allegations contained in Paragraph 153 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 153 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 153.

154.    The allegations contained in Paragraph 154 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 154 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 154.

155.    The allegations contained in Paragraph 155 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 155 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 155.

156.    The allegations contained in Paragraph 156 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 156 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 156.

157.    The allegations contained in Paragraph 157 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 157 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 157.

158.    The allegations contained in Paragraph 158 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 158 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 158.

159.    The allegations contained in Paragraph 159 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 159 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 159.

160.    The allegations contained in Paragraph 160 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 160 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 160.

161.    The allegations contained in Paragraph 161 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 161 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 161.

162.    The allegations contained in Paragraph 162 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 162 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 162.

163.    The allegations contained in Paragraph 163 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 163 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 163.

164.    The allegations contained in Paragraph 164 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 164 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 164.

165.    The allegations contained in Paragraph 165 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 165 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 165, except admit that Deutsche Bank was an underwriter for the FHAMS 2007-FA1 securitization.

166.    The allegations contained in Paragraph 166 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 166 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 166.

167.    The allegations contained in Paragraph 167 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 167 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 167, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

168.    The allegations contained in Paragraph 168 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 168 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 168, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

169.    Paragraph 169 contains legal assertions to which no response is required. The allegations contained in the second sentence of Paragraph 169 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 169 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny the allegations contained in Paragraph 169, except admit that FHASI was the depositor for the FHAMS 2007-FA1 and FHAMS 2007-FA2 securitizations.

170.    The allegations contained in Paragraph 170 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 170.

171.    Paragraph 171 contains legal assertions to which no response is required. Further, the allegations contained in Paragraph 171 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 171, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

172.    Paragraph 172 contains legal assertions to which no response is required. Further, the allegations contained in Paragraph 172 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 172, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

173.    Paragraph 173 contains legal assertions to which no response is required. Further, the allegations contained in Paragraph 173 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 173.

174.    The allegations contained in Paragraph 174 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 174 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 174.

175.    The allegations contained in Paragraph 175 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 175 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 175.

176.    The allegations contained in Paragraph 176 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 176 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 176.

177.    The allegations contained in Paragraph 177 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 177 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 177.

178.    The allegations contained in Paragraph 178 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 178 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 178.

179.    The allegations contained in Paragraph 179 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  Paragraph 179 also consists of legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 179, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

180.    The allegations contained in Paragraph 180 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 180.

181.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 181.

182.    Paragraph 182 contains legal assertions to which no response is required. Further, the allegations contained in Paragraph 182 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond

thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 182.

184.   To the extent other paragraphs are referenced in Paragraph 183, Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

184.   Paragraph 184 consists of legal assertions to which no response is required. Further, the allegations contained in Paragraph 184 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 184.

185.   Paragraph 185 consists of legal assertions to which no response is required. Further, the allegations contained in Paragraph 185 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 185.

186.   Paragraph 186 consists of legal assertions to which no response is required. Further, the allegations contained in Paragraph 186 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 186.

187.   To the extent other paragraphs are referenced in Paragraph 187, Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

188.   The allegations contained in Paragraph 188 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 188 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 188.

189.    The allegations contained in Paragraph 189 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 189 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 189.

190.    The allegations contained in Paragraph 190 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 190 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 190.

191.    The allegations contained in Paragraph 191 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 191 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 191.

192.   The allegations contained in Paragraph 192 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 192 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 192.

193.   The allegations contained in Paragraph 193 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 193 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 193.

194.   The allegations contained in Paragraph 194 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 194 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 194.

195.   The allegations contained in Paragraph 195 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 195 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 195.

196.    The allegations contained in Paragraph 196 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 196 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 196.

197.    The allegations contained in Paragraph 197 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 197 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 197.

198.    The allegations contained in Paragraph 198 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 198 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 198.

199.    The allegations contained in Paragraph 199 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 199 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 199.

200.    The allegations contained in Paragraph 200 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 200 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 200.

201.    The allegations contained in Paragraph 201 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 201 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 201.

202.    The allegations contained in Paragraph 202 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 202 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 202.

203.    The allegations contained in Paragraph 203 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 203 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of, and therefore deny, the allegations contained in Paragraph 203.

      204.    The allegations contained in Paragraph 204 are not directed towards

Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 204 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny the allegations contained in Paragraph 204.

      205.    The allegations contained in Paragraph 205 are not directed towards

Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 205 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny the allegations contained in Paragraph 205, and in particular that the

Offering Documents contain any materially false or misleading statements or omissions.

      206.    The allegations contained in Paragraph 206 are not directed towards

Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 206 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny the allegations contained in Paragraph 206, and in particular deny that

the Offering Documents contain any materially false or misleading statements or omissions.

      207.    The allegations contained in Paragraph 207 are not directed towards

Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 207 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 207.

208.    The allegations contained in Paragraph 208 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 208, except (i) admit that FHASI was the depositor for the FHAMS 2007-FA1 and FHAMS 2007-FA2 securitizations and (ii) deny that the allegations contained in Paragraph 208 fully and accurately describe the roles and responsibilities of FHASI in the securitization process and respectfully refer the Court to the Offering Documents for a complete and accurate description of FHASI's roles and responsibilities in the securitization process.

209.    The allegations contained in Paragraph 209 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 209.

210.    Paragraph 210 contains legal assertions to which no response is required. Further, the allegations contained in Paragraph 210 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 210.

211.    The allegations contained in Paragraph 211 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need

not respond thereto.  To the extent a response is required, Defendants deny the allegations

contained in Paragraph 211.

213.    Paragraph 212 contains legal assertions to which no response is required.

Further, the allegations contained in Paragraph 212 relate to a cause of action which was

dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond

thereto.  To the extent a response is required, Defendants deny the allegations contained in

Paragraph 212.

213.    The allegations contained in Paragraph 213 are not directed towards

Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 213 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of, and therefore deny, the allegations contained in Paragraph 213.

214.    The allegations contained in Paragraph 214 are not directed towards

Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 214 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of, and therefore deny, the allegations contained in Paragraph 214.

215.    The allegations contained in Paragraph 215 are not directed towards

Defendants, and Defendants need not respond thereto.  Further, the allegations contained in

Paragraph 215 relate to a cause of action which was dismissed by the Court's March 2, 2018

Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 215.

216.     The allegations contained in Paragraph 216 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 216 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 216.

217.     The allegations contained in Paragraph 217 are not directed towards Defendants, and Defendants need not respond thereto.  Further, the allegations contained in Paragraph 217 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 217.

218.     Paragraph 218 consists of legal assertions to which no response is required. Further, the allegations contained in Paragraph 218 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 218, except admit that Plaintiff purports to expressly exclude from this claim any allegation that could be construed as alleging fraud or intentional or reckless conduct and to bring this claim pursuant to the 1933 Act.

219.     The allegations contained in Paragraph 219 relate to a cause of action which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need

not respond thereto.  Paragraph 219 also consists of legal assertions to which no response is

required.  To the extent a response is required, Defendants deny the allegations contained in

Paragraph 219, and in particular deny that the Offering Documents contain any materially false

or misleading statements or omissions.

220.    The allegations contained in Paragraph 220 relate to a cause of action

which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need

not respond thereto.  To the extent a response is required, Defendants deny the allegations

contained in Paragraph 220.

221.    The allegations contained in Paragraph 221 relate to a cause of action

which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need

not respond thereto.  To the extent a response is required, Defendants deny knowledge or

information sufficient to form a belief as to the truth or falsity of, and therefore deny, the

allegations contained in Paragraph 221.

222.    The allegations contained in Paragraph 222 relate to a cause of action

which was dismissed by the Court's March 2, 2018 Order, *ECF* No. 204, and Defendants need

not respond thereto.  Paragraph 222 also contains legal assertions to which no response is

required.  To the extent a response is required, Defendants deny the allegations contained in

Paragraph 222.

223.    To the extent other paragraphs are referenced in Paragraph 223,

Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

224.    Paragraph 224 contains legal assertions to which no response is required.

To the extent a response is required, Defendants deny the allegations contained in Paragraph 224,

except (i) admit that FHASI was the depositor for the FHAMS 2007-FA1 and FHAMS 2007-

FA2 securitizations and (ii) deny that the allegations contained in Paragraph 224 fully and accurately describe the roles and responsibilities of FHASI in the securitization process and respectfully refer the Court to the Offering Documents for a complete and accurate description of FHASI's roles and responsibilities in the securitization process.

225.    The allegations contained in Paragraph 225 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 225.

226.    The allegations contained in Paragraph 226 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 226.

227.    The allegations contained in Paragraph 227 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 227.

228.    The allegations contained in Paragraph 228 are not directed towards Defendants, and Defendants need not respond thereto.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 228.

229.    Defendants deny the allegations contained in Paragraph 229, except admit that DBS was an underwriter for the FHAMS 2007-FA1 securitization.

230.    Defendants deny the allegations contained in Paragraph 230.

231.     Defendants deny the allegations contained in Paragraph 231, except admit that UBS was an underwriter for the FHAMS 2007-FA1 securitization.

232.     Defendants deny the allegations contained in Paragraph 232 and contained in Item 37 of the Schedules, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their content.

233.     Paragraph 233 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 233, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.  To the extent other paragraphs are referenced in Paragraph 233, Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

234.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 234.

235.     Paragraph 235 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 235, except admit that Plaintiff purports to expressly exclude from this claim any allegation that could be construed as alleging fraud or intentional or reckless conduct and to bring this claim pursuant to the 1933 Act.

236.     Paragraph 236 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 219, and in particular deny that the Offering Documents contain any materially false or misleading statements or omissions.

237.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore deny, the allegations contained in Paragraph 237.

238.     Paragraph 238 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 238.

239.     To the extent other paragraphs are referenced in Paragraph 239, Defendants incorporate by reference the responses to those paragraphs as if set forth fully herein.

240.     Paragraph 240 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 240.

241.     Paragraph 241 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 241.

242.     Paragraph 242 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 242.

243.     Paragraph 243 states Plaintiff's request for a trial by jury and requires no response.

244.     Defendants deny any allegations of the Complaint not previously and expressly addressed, including any allegation of any footnote, heading, Schedule, or title, and of Plaintiff's prayer for relief.

## DEFENSES

Defendants state the following defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and statutes of repose.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts supporting its claims with sufficient particularity.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the offering materials in question did not contain any false or misleading statements or omissions of material fact, and fully disclosed the risks of investing in the securities in question.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Colonial had knowledge of the alleged untruths or omissions at the time they acquired the securities in question.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Colonial purchased the securities in question with knowledge of the risks involved and assumed those risks, and any alleged losses were caused by those risks coming to fruition.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions in question were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions in question were not material to Colonial's investment decisions.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make a misstatement or omission of material fact and are not responsible (in law or in fact) for any alleged misstatements or omissions of material fact made by others.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Colonial would have purchased the securities in question even with full knowledge of the facts that they now allege were misrepresented or omitted.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals or entities other than Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals or entities.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants neither owed nor breached any duty to Colonial to disclose information allegedly omitted from the Certificate Offering Materials, and had no duty to verify, opine upon, audit, review or correct information disclosed in the Certificate Offering Materials.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that were truly held at the time they were made.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Colonial received payments as required by the terms of the securities they purchased, and accordingly have not suffered any cognizable injury.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages recoverable by Colonial must be reduced by the amount of payments received and to be received in the future under the terms of the Certificates.

## SIXTEENTH DEFENSE

With respect to the portions of the Certificate Offering Materials not purporting to be made on the authority of an expert, not purporting to be a copy of, or an extract from, a report or valuation of an expert, and not purporting to be made on authority of a public official document or statement, Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time such part of the Certificate Offering Materials became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements contained therein not misleading.

## SEVENTEENTH DEFENSE

With respect to the portions of the Certificate Offering Materials purporting to be made on the authority of an expert or purporting to be a copy of, or an extract from, a report or valuation of an expert, Defendants had no reasonable grounds to believe, and did not believe, at the time the Certificate Offering Materials became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Certificate Offering Materials did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements and omissions were made in reliance upon the opinions of professionals and

experts other than counsel.  Defendants believed that these experts were, in fact, experts in their

fields and were competent to render the opinions they provided.  Without admitting that any

opinions provided by these experts were in any way inadequate, unfounded or incorrect,

Defendants had no notice that the opinions provided by any expert were in any way inadequate,

unfounded or incorrect.  Defendants had no grounds to believe, and did not believe, that any

statements based on opinions provided by experts were untrue or that any facts necessary to

make the statements therein not materially misleading were omitted.  As a result of that

reasonable reliance, Defendants did not know, and, in the exercise of reasonable diligence could

not have known, that the Certificate Offering Materials contained material misrepresentations or

omissions.

## NINETEENTH DEFENSE

With respect to the portions of the Certificate Offering Materials purporting to be

a statement made by an official person or purporting to be a copy of, or extract from, a public

official document, Defendants had no reasonable grounds to believe and did not believe, at the

time such part of the Certificate Offering Materials became effective, that the statements therein

were untrue, or that there was an omission to state a material fact required to be stated therein or

necessary to make the statements therein not misleading, or that such part of the Certificate

Offering Materials did not fairly represent the statement made by the official person or was not a

fair copy of, or extract from, the public official document.

## TWENTIETH DEFENSE

With respect to each alleged untrue statement or omission of material fact in the

Certificate Offering Materials or otherwise alleged in the Complaint as to Defendants,

Defendants did not know, and in the exercise of reasonable care could not have known, of such

untruth or omission.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were not the cause in fact or proximate cause of any damages alleged by Plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because any depreciation in the market price or value of the securities in question resulted from factors other than the misstatements or omissions alleged in the Complaint.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damages.

## TWENTY-FOURTH DEFENSE

Plaintiff (and Colonial) had a duty to take, but failed to take, reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the Complaint, and therefore is barred from recovering any damages that might reasonably have been avoided.

## TWENTY-FIFTH DEFENSE

If any liability of Defendants should arise in the Action (and none should), Defendants would not be liable in excess of an amount permitted by applicable law.  For example, without admitting that Plaintiff suffered damages in any amount, or that Defendants should be liable for any damages, any liability of Defendants for damages under Section 11 of the Securities Act of 1933 may not exceed the total price at which the securities underwritten by it and distributed to the public were offered to the public less the amount received to date by Plaintiff.  *See* 15 U.S.C. § 77k(e).

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by limitations on the scope or availability of any award of punitive damages against Defendants.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver or other equitable doctrines.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's inequitable conduct and unclean hands.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions, omissions and/or negligence.

### THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff ratified the alleged wrongful acts and omissions alleged in the Complaint.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because any relief or recovery would unjustly enrich or constitute a windfall to Plaintiff.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, disclaimers and disclosures contained in the offering materials in question, including but not limited to provisions concerning cure, repurchase or substitution of loans.

### THIRTY-THIRD DEFENSE

Plaintiff's claims and the allegations upon which they are based are improperly vague, ambiguous and confusing, and Defendants reserve the right to request a more definite statement.

### THIRTY-FOURTH DEFENSE

Defendants are entitled to a setoff, recoupment and/or offset from any recovery to which Plaintiff may be found to be entitled.

### THIRTY-FIFTH DEFENSE

Defendants are entitled to receive indemnification or contribution from others if they were to incur liability as a result of this action (and they should incur none).

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants, and the offering materials in question, complied with all applicable statutes, rules and regulations in effect at the time of the alleged misconduct (including but not limited to SEC Regulation AB, Item 1111, 17 C.F.R. § 229.1111(a)(3)).

### THIRTY-SEVENTH DEFENSE

To the extent that Plaintiff's claims against Defendants are based on any forward-looking statements, they are barred, in whole or in part, because such statements were accompanied by cautionary language which bespoke caution to potential investors.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that parties not named in the Complaint may be indispensable parties to this action.

### THIRTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries allegedly sustained were caused by the actions or inactions of persons and entities other than Defendants and outside the control of Defendants, or by economic and other events that were outside the control of Defendants.  These actions, inactions and events were intervening or superseding causes of the damages alleged.

### FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because First Tennessee Bank National Association (as successor by merger to First Horizon Home Loan Corporation) did not have "control," as that term is defined under the federal and state laws cited in the Complaint, over any person or entity alleged to be primarily liable.  Further, such Defendant did not have knowledge of or reasonable ground to believe in, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability of the controlled person or entity is alleged to exist.

### FORTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because to the extent that primary violations fail, the control person claims also fail.

### FORTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, as to securities purchased at least twelve months after the effective date of the applicable registration statement, because plaintiff did not rely upon the registration statement or any allegedly untrue statement in the registration statement.

### FORTY-THIRD DEFENSE

Defendants currently have insufficient knowledge or information upon which to form a belief as to other potential affirmative defenses that may be available to them, and expressly reserve the right to amend or supplement this Answer and affirmative defenses, as well as to assert any and all additional or alternative defenses under any applicable state or federal law or regulations, in the event that discovery indicates that such defenses are available.  Defendants also reserve the right to assert any cross-claims, counterclaims and third-party claims in the event that discovery indicates such claims are available.  Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and

other proceedings in this case.  Defendants also adopt and incorporate by reference any and all

other defenses asserted or to be asserted by any other defendant in this action to the extent that

Defendants may share in such defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court (1) dismiss

Plaintiff's claims in their entirety and with prejudice, (2) award Defendants the costs,

disbursements and attorneys' fees incurred by them in defending this action, to the extent

authorized by law, and (3) grant such other relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury as to all issues so triable.

Dated: April 16, 2018                         Respectfully submitted,

/s/ Amanda F. Davidoff
Amanda F. Davidoff
James H. Congdon
SULLIVAN & CROMWELL LLP
1700 New York Ave., N.W.
   Suite 700
Washington, D.C.  20006-5215
Tel:  202-956-7500
Fax:  202-293-6330
davidoffa@sullcrom.com
congdonj@sullcrom.com

Bruce E. Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  212-558-4000
Fax:  212-558-3588
clarkb@sullcrom.com

*Attorneys for Defendants First Tennessee Bank
National Association (successor by merger to
First Horizon Home Loan Corporation), FTN
Financial Securities Corporation, and First
Horizon Asset Securities, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018, I caused to be served upon all counsel of record via ECF service true and correct copies of the foregoing Answers and Defenses of the First Horizon Defendants to the Second Amended Complaint.

DATED: April 16, 2018

By: */s/ James H. Congdon*

James H. Congdon
(congdonj@sullcrom.com)
1700 New York Avenue, N.W.
Washington, D.C.  20006-5805
Telephone: (202) 956-7500
Facsimile: (202) 956-6993