ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>                    Plaintiff,<br><br>         - against -<br><br>FIRST HORIZON ASSET SECURITIES INC. FIRST HORIZON HOME LOAN CORPORATION, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., FTN FINANCIAL SECURITIES CORP., HSBC SECURITIES (USA) INC., RBS SECURITIES INC., UBS SECURITIES LLC, AND WELLS FARGO ASSET SECURITIES CORPORATION,<br><br>                    Defendants. | 12 Civ. 6166 (LLS)<br><br>OPINION AND ORDER |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 3/3/23

In conjunction with the parties' cross motions for Partial Summary Judgment Regarding the Calculation of Damages, the FDIC and defendant, at the FDIC's request, have submitted Motions to Seal several supporting documents. All are denied.

The following motions to seal were filed in connection with defendant's Motion for Partial Summary Judgment Regarding the Calculation of Damages ("Def. Mot."):

1. Motion to Seal (a) Exhibit 7 to Def. Mot. ("Exhibit 7") in its entirety, (b) Exhibit 4 to Def. Mot. in part, (c) references to Exhibit 7 in defendants' Memorandum of Law in support of Def. Mot., and (d) references to Exhibit 7 in defendant's Rule 56.1 Statement. (Dkt. No. 364).
2. Motion to Seal plaintiff's Response to defendant's Rule 56.1 Statement in part. (Dkt. No. 377)
3. Motion to Seal defendant's Reply Memorandum of Law in Support of Def. Mot in part. (Dkt. No. 401).

The following motions to seal were filed in connection with the FDIC's motion for Partial Summary Judgment Regarding the Calculation of Damages ("Pl. Mot."):

1. Motion to Seal Exhibit 11 to Pl. Mot. in part (Dkt. No. 360)
2. Motion to Seal (a) defendant's Opposition to Pl. Mot. in part and (b) defendants' Response to plaintiff's 56.1 Statement in part. (Dkt No. 383).
3. Motion to seal (a) Exhibit 29 to plaintiff's Reply in Support of Pl. Mot. in part and (b) plaintiff's Reply in Support of Pl. Mot. in part. (Dkt. No. 395).

The documents requested to be sealed in the above motions are based upon the information contained in Exhibit 7, which is a 2009 memorandum drafted by an FDIC analyst discussing the FDIC's potential response to a conflict with a third party, BB&T, regarding a sale price set in a Purchase and Assumption Agreement. Exhibit 7 has already been redacted in part to protect the FDIC's attorney client privilege.

The FDIC requests that Exhibit 7 and the information contained therein be sealed because the information is

> sensitive, non-public information concerning the FDIC's confidential and proprietary process that it uses to fulfill its statutory duty to maximize the return on failed banks' assets and ensure adequate competition and fair and consistent treatment of institutions that bid on those assets. Specifically, the document and redacted testimony reflect the FDIC's evaluation of bids and its analysis of estimated costs that were determined using its confidential internal analytic models. Disclosure of such information is harmful to the FDIC because it would reveal its internal processes to the public and may affect the quality of its decision-making. The documents and

>testimony have been disclosed only to the participants
>to this litigation under the terms of the Protective
>Order.

Dkt. Nos. 364, 377, 401, 260, 383, and 395. Defendant takes no position on whether the information should be sealed.

As "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment," documents submitted in connection with "summary judgment should not remain under seal absent the most compelling reasons." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "Sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

Though the need to protect sensitive commercial information from disclosure to competitors may merit sealing, that showing has not been made here. The documents requested to be sealed do not disclose the specifics of FDIC's internal analytic model but instead discuss how the FDIC considered responding to one specific conflict with BB&T. The FDIC also does not explain why this information, which is over a decade old, is still commercially sensitive. Nor does the FDIC present specific reasons why each individual request should be sealed, as required by Lugosch and its progeny. Finally, the existence of a

protection order is not a compelling reason to justify sealing judicial documents. <u>Id</u>. at 126.

The Motion to Seal Exhibit 7 is denied. As such, the remaining Motions to Seal need not be analyzed and hereby denied.

So ordered.

Dated:   New York, New York
         March 3, 2023

*Louis L. Stanton*

LOUIS L. STANTON

U.S.D.J.